■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEROY BARRY, Also Known as LAROY BARRY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Schneier, J.), rendered March 12, 1985, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The arresting officer had independent probable cause to search the defendant since he observed the defendant holding a tightly wrapped paper bag in which could be distinguished the butt of a gun *(see, People v Prochilo,* 41 NY2d 759). Furthermore, contrary to the defendant's assertion, we find that the testimony of the arresting officer at the hearing was not incredible as a matter of law *(see, People v Miller,* 124 AD2d 599; *People v Africk,* 107 AD2d 700; *People v Garafolo,* 44 AD2d 86).

In many instances, the defendant failed to properly preserve for appellate review his claims of prosecutorial misconduct by

omitting to raise an objection or request further curative instructions during trial *(see, People v Medina,* 53 NY2d 951; *People v Walters,* 116 AD2d 757). In any event, although many of the prosecutor's remarks departed from acceptable professional conduct, they did not deny the defendant a fair trial in light of the overwhelming evidence of his guilt *(see, People v Galloway,* 54 NY2d 396; *People v Roopchand,* 107 AD2d 35, *affd* 65 NY2d 837). Bracken, J. P., Niehoff, Eiber and Sullivan, JJ., concur.