■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL RODRIGUEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Juviler, J.), rendered April 26, 1984, convicting him of murder in the second degree, attempted robbery in the first degree and attempted robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's conviction was largely based on his videotaped confession in which he admitted that he and his coconspirators intended to commit a larceny by stealing clothes from the decedent's store but denied that he intended to commit a robbery. The basic question to be resolved by the jury was whether the evidence supported a conclusion that the defendant intended to commit a robbery during the perpetration of which the decedent was killed by one of the cocon-

spirators. The defendant also admitted that he had previously stolen clothing, which statements the defense asked the court to redact from the videotape. The court refused on the ground that this evidence of prior crimes was highly probative of the defendant's intent to commit the crimes charged.

On appeal the defendant argues that it was error for the court not to redact his statements with regard to the prior larcenies since the only purpose of showing these statements to the jury was to demonstrate the defendant's propensity to commit the crimes with which he was charged. It is of course well settled that evidence of prior uncharged crimes is normally not allowed in a criminal prosecution. The rule, however, is not absolute and "[i]ts policy of protection against potential prejudice gives way when evidence of prior crime is probative of the crime * * * charged" (People v Ventimiglia, 52 NY2d 350, 359). Under the circumstances, the statements of the defendant were highly probative of his intent (see, People v Ventimiglia, supra, at 359; People v Sanzo, 122 AD2d 817, lv denied 68 NY2d 1004), and therefore were properly admitted. Furthermore, in its charge the court advised the jury to use the statements in question only as evidence of the defendant's intent and not as evidence of his predisposition to commit the crimes charged, thereby mitigating any prejudice.

The statement of the prosecutor, during summation, in which he compared the rights of the decedent to those of the defendant and his comment that the decedent "had the benefit of the only death penalty in this State" are deserving of reprobation. However, in light of the defendant's prompt objection and the court's curative instructions, any prejudice was avoided (see, People v Santiago, 52 NY2d 865; People v Watson, 121 AD2d 487, lv denied 68 NY2d 818). Moreover, since the defendant did not request additional curative instructions or move for a mistrial, he has failed to preserve his claims of prosecutorial misconduct for appellate review (see, People v Medina, 53 NY2d 951; People v Barry, 125 AD2d 581, lv denied 69 NY2d 947, 948).

Finally, the defendant claims that he was entitled to a charge that if two inferences could be drawn from the evidence, one consistent with guilt and the other consistent with innocence, he was entitled to the inference of innocence. This contention is without merit since the above charge is only required where the People's case is based solely on circumstantial evidence (see, People v Ford, 66 NY2d 428, 442; People v Smith, 63 AD2d 661) or where the People introduce evidence of the defendant's conduct from which they contend the jury

may draw an inference that such conduct evidences a consciousness of guilt (see, 1 CJI[NY] 9.16). Here the bulk of the People's case relied on the direct evidence supplied by the defendant's videotaped statements and therefore the case was not based entirely on circumstantial evidence (see, People v Sanchez, 61 NY2d 1022). Although the defendant admitted that he and his coconspirators fled from the scene after the decedent was stabbed, the People never argued that this flight evinced a consciousness of guilt and therefore the charge required by 1 CJI(NY) 9.16 was not warranted (see, People v Jones, 104 AD2d 826). Mangano, J. P., Bracken, Eiber and Kunzeman, JJ., concur.