■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALDO ROSA, Appellant.—Judgment, Supreme Court, New York County (Howard Bell, J.), rendered April 12, 1989, convicting defendant, after a jury trial, of murder in the second degree, attempted murder in the second degree, and criminal use of a firearm in the first degree, and sentencing him to concurrent indeterminate terms of imprisonment of from 18 years to life, 7 to 21 years, and 6 to 18 years, respectively, unanimously affirmed.

Defendant and his friend went to defendant's former girlfriend's apartment on April 14, 1988. She was home with her two sisters, her current boyfriend, Damte Zebulun and two of Zebulun's friends, Robert Jones and Sean Lisbon. Defendant and Zebulun argued and defendant left. Defendant returned two more times and on the last time argued again with Zebulun. The two groups of friends went outside to fight. When Jones emerged from the building, he saw defendant pull a gun from his waistband. Zebulun also saw defendant pull a gun and start to fire at him. As Zebulun ran, defendant chased him and continued to fire. A bullet grazed Zebulun. Lisbon was shot in the head and killed.

Officers investigated the crime scene and Officer Del Castella attempted to locate the defendant for two weeks to no avail. Defendant was finally arrested at his sister's apartment on April 29, 1988.

While defendant challenges the sufficiency of the evidence, a review of such evidence, in a light most favorable to the People and in light of the fact that the jury's determination of witness credibility is entitled to great deference *(People v Patterson,* 155 AD2d 363), demonstrates that defendant's guilt of the crimes he was convicted of was proven beyond a reasonable doubt. While there may have been some minor inconsistencies in the testimony, they only concerned insignificant aspects of the case and were clearly considered by the jury.

Defendant also maintains that the prosecutor improperly commented on his evidence of flight, and that the IAS court should have, *sua sponte,* instructed the jury on the value of

evidence of flight. These claims are unpreserved and we decline to address them. (CPL 470.05 [2].) However, were we to consider them in the interest of justice, we would find them to be meritless. The prosecutor properly commented upon this evidence as indicative of defendant's consciousness of guilt. *(See, e.g., People v Yazum,* 13 NY2d 302, 304.) Also, this was not a case in which the prosecutor overemphasized the "flight" evidence such that the court should have, *sua sponte,* instructed the jurors of the evidence's value. *(Cf., People v Ali,* 146 AD2d 636, 638.)

We have examined appellant's other contention and find it to be without merit. Concur—Sullivan, J. P., Rosenberger, Wallach, Kupferman and Rubin, JJ.