■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRED BECKER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (McInerney,

J.), rendered August 17, 1990, convicting him of promoting gambling in the first degree (four counts), promoting gambling in the second degree, and possession of gambling records in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings pursuant to CPL 450.60 (5).

The evidence at the trial established that the defendant and his accomplice, Frank Celi (see, People v Brady, 189 AD2d 884 [decided herewith]), ran a sports gambling operation in Suffolk County into the early months of 1988, in the course of which they accepted more than five bets a day totaling more than $5,000 a day.

Contrary to the defendant's contention on appeal, when viewed in the light most favorable to the People, the evidence was legally sufficient to establish the defendant's guilt of the crimes charged beyond a reasonable doubt (see, People v Contes, 60 NY2d 620, 621). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

According to the audiotapes made in the course of the police investigation, the Becker-Celi enterprise accepted more than five bets a day totaling more than $5,000 a day on February 17, 1988, February 20, 1988, February 23, 1988, and February 24, 1988, and accepted bets in an unspecified amount on February 4, 1988. According to the accomplice Celi's testimony, Becker got a 20% commission for working the telephones, and his overall interest in the business was 60% and Celi's interest was 40%. In addition, Celi described the inception of the gambling enterprise, its day-to-day operations, Becker's active role in it, the business' relationship (using code names) with larger operations in New York City, and the practice of crediting established bettors, such as the codefendants Brady and Tomasello, for introducing new bettors. Celi further identified Becker's voice on the prosecution's audiotapes, as well as his handwriting in the books and records seized from both Becker's and Celi's homes. This testimony was corroborated by that of the People's gambling expert, Detective Terry Hill, who additionally reviewed the variety of intricate wagers taken by Becker (who was referred to by certain players as the "boss") over the telephone on specific days. It was Detective Hill's expert opinion that Becker— whose operation accepted as much as $7,418 in bets on a single day—profited and gained from his gambling enterprise.

Had accomplice Celi not testified at all, however, the defendant's guilt of the crimes charged would nonetheless have been established beyond a reasonable doubt by the remaining evidence against him. Celi's testimony was voluminously corroborated by the aforementioned, independent evidence—i.e., the gambling records in the defendant's handwriting, tape-recorded conversations, and expert testimony—which sufficed "to connect the defendant with the commission" of the offenses charged (CPL 60.22 [1]; *People v Hudson,* 51 NY2d 233; *see, e.g., People v Farruggia,* 61 NY2d 775; *People v Rodriguez,* 137 AD2d 565; *People v Grieco,* 127 AD2d 789).

The defendant's motion for a separate trial was properly denied as untimely, as it was made in the midst of jury selection, rather than prior to trial as contemplated by CPL 200.40 (1) and 255.20 *(see, People v Bornholdt,* 33 NY2d 75, *cert denied sub nom. Victory v New York,* 416 US 905; *People v Smith,* 134 AD2d 382, 383; *People v Amato,* 99 AD2d 495). In any event, the same evidence (e.g., gambling records, audiotapes, and the testimony of Celi, Detective Hill, and other officers) was required in the cases of all three defendants *(see, People v Bornholdt, supra,* at 87; *People v Napolitano,* 106 AD2d 304, *affd* 66 NY2d 852), with the result that the mounting of essentially the same trial three times over would have constituted a waste of judicial time and resources *(see, People v Lane,* 56 NY2d 1, 8). Therefore, the denial of the defendant's motion was proper *(see, People v Grate,* 122 AD2d 853, 855).

Under the circumstances of this case, in which the defendant was the principal owner and operator of a substantial gambling establishment, whose activities he knew to be illegal, the sentence imposed is not harsh or excessive *(see, People v Suitte,* 90 AD2d 80).

The remaining contentions, including the issues raised by the defendant in his supplemental *pro se* brief, are either unpreserved for appellate review or devoid of merit. Rosenblatt, J. P., Lawrence, Eiber and Copertino, JJ., concur.