■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH BRADY, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Suffolk County (McInerney, J.), both rendered August 17, 1990, convicting him of promoting gambling in the first degree (three counts), and possession of gambling records in the first degree under Indictment No. 1132/88, and criminal possession of a weapon in the third degree under Indictment No. 448/88, upon jury verdicts, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant contends that his guilt of the crimes of which he was convicted was not proven beyond a reasonable doubt. However, viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15

[5]). The trial evidence is replete with instances of the defendant's participation in a gambling operation (see, People v Becker, 189 AD2d 881 [decided herewith]). There was evidence from numerous audiotaped telephone calls as well as gambling records recovered from the codefendant Fred Becker and from the defendant himself, that the defendant, known as "Duster," was a gambling sheet writer who steered bettors into the operation and made a profit from their losing bets.

In addition, the records seized from the defendant's home on February 24, 1988, consisted of "books" of gambling records, the first few of which alone documented wagers amounting to approximately $6,000. According to Penal Law § 225.35 (1), "Proof of possession of * * * any gambling record specified in sections 225.15 and 225.20 is presumptive evidence of possession thereof with knowledge of its character or contents". Based on the evidence, the jury could properly infer that the defendant, in possessing these records, "intended" to use them "in the operation or promotion of a bookmaking scheme or enterprise" (Penal Law § 225.20 [1]; People v Moore, 165 AD2d 884).

The jury was within its rights to discount as not credible the testimony of the defendant's so-called common-law wife that the stolen gun was hers (see, People v Gaimari, 176 NY 84, 94), and to conclude from the testimony of the People's witnesses that because the weapon was kept in a drawer with the defendant's personal effects, the defendant exercised dominion and control over it such that he constructively possessed it (see, Penal Law § 10.00 [8]; People v Sykes, 142 AD2d 697). Rosenblatt, J. P., Lawrence, Eiber and Copertino, JJ., concur.