■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TONY BROWN, Also Known as SAM FORT, Appellant.—Judgment, Supreme Court, New York County (Budd Goodman, J.), rendered December 2, 1988, convicting defendant after jury trial of murder in the second degree, attempted murder in the second degree, and criminal possession of a weapon in the second degree, and sentencing him as a second violent felony offender to consecutive terms on the homicide counts of 20 years to life and 8 to 16 years, respectively, to run concurrent

with a term of 4 to 8 years on the weapon count, unanimously affirmed.

Defendant's contention that the court erred when it refused to give an accomplice charge is without merit. There was no evidence indicating that the claimed accomplice had planned, anticipated, or assisted in committing the crime *(People v Jones,* 73 NY2d 902; *People v Tucker,* 72 NY2d 849).

Defendant's contention that the court failed to provide instruction on the weak probative value of the evidence of flight *(People v Swinson,* 176 AD2d 613, 614, *lv denied* 79 NY2d 864) is unpreserved. Nor did error arise out of the court's failure to provide the instruction *sua sponte,* or on the basis of the prosecutor's one reference to defendant's flight *(People v Yaghnam,* 135 AD2d 763, 764-765). Nor did defendant preserve his challenge to the court's instruction on the element of intent with respect to manslaughter in the first degree, submitted as a lesser included offense of murder in the second degree *(People v Fraser,* 181 AD2d 425, 426, *lv denied* 79 NY2d 1000). Since the jury was instructed to consider lesser included offenses only if they had acquitted defendant of murder in the second degree, we conclude that, in any event, the jury never reached the manslaughter charge. Further, we decline to review in the interest of justice.

By failing to challenge the purported ineffectiveness of trial representation, pursuant to CPL 440.10, defendant has failed to present a reviewable record on appeal *(People v Perez,* 159 AD2d 219, *lv denied* 76 NY2d 740). On the present record, we cannot conclude that defendant's counsel was incompetent under the standards set forth in *People v Baldi* (54 NY2d 137, 147). We have considered defendant's remaining contentions and find them to be without merit. Concur—Murphy, P. J., Wallach, Ross and Asch, JJ.