■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEANNE COX, Appellant. [617 NYS2d 690] —Judgment unanimously affirmed. Memorandum: Supreme Court properly denied defendant's request to charge the defense of duress (Penal Law § 40.00 [1]). In the absence of proof of an imminent threat, there is no reasonable view of the evidence to support the defense *(see, People v Brown,* 68 AD2d 503, 513; *see generally, People v Watts,* 57 NY2d 299, 301).

We have reviewed defendant's remaining contention and conclude that it is without merit. (Appeal from Judgment of Supreme Court, Monroe County, Bradstreet, J.—Robbery, 3rd Degree.) Present—Denman, P. J., Pine, Lawton, Wesley and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WINSTON SINGLETON, Appellant. [617 NYS2d 691] —Judgment unanimously affirmed. Memorandum: There is no merit to the contention that defendant's conviction of assault in the second degree is not supported by legally sufficient evidence *(see, People v Bleakley,* 69 NY2d 490, 495). By failing to challenge the jury verdict on the basis that the conviction for unlawful imprisonment merged with the other substantive crimes, defendant failed to preserve that issue for review *(see, People v Salimi,* 159 AD2d 658, *lv denied* 76 NY2d 742; *People v Udzinski,* 146 AD2d 245, 250, *lv denied* 74 NY2d 853). In any event, that issue is without merit because defendant's restraint and asportation of complainant were not merely incidental to and inseparable from the acts that the People alleged constituted assault and rape *(see, People v Salimi, supra; People v Masterson,* 177 AD2d 1042, *lv denied* 79 NY2d 950; *People v Piotter,* 142 AD2d 939).

We have reviewed defendant's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Cayuga County Court, Contiguglia, J.—Assault, 2nd Degree.) Present—Denman, P. J., Pine, Lawton, Wesley and Davis, JJ.