■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT HILTON, Appellant. [621 NYS2d 23] —Judgment, Supreme Court, New York County (Edwin Torres, J.), rendered April 14, 1993, convicting defendant, after a jury trial, of burglary in the third degree, criminal possession of stolen property in the fifth degree, and possession of an imitation pistol, and sentencing him to concurrent terms of 3½ to 7 years, 1 year and 1 year, respectively, and order of the same court and Justice, entered on July 14, 1993, denying defendant's motion to vacate his judgment pursuant to CPL 440.10, unanimously affirmed.

The prosecution's failure to disclose to defendant the criminal history of an ancillary witness, in violation of CPL 240.45 (1) (b), did not constitute a *Rosario* violation (*People v Clark,* 194 AD2d 868, *lv denied.* 82 NY2d 752) and, in light of the overwhelming evidence of defendant's guilt, any error was harmless (*People v Welch,* 154 AD2d 946). The prosecutor was not informed until after the trial that a member of her staff had previously received the criminal record of the witness. Defendant's contention regarding the court's failure to give, *sua sponte,* an instruction regarding consciousness of guilt, is unpreserved for review as a matter of law (*People v Smith,* 191 AD2d 284, *lv denied* 81 NY2d 1020), and we decline to review the issue in the interest of justice. If we were to review it, we would find that the omission of such an instruction would not warrant reversal since the evidence regarding defendant's flight and his conflicting reasons for his presence in the building was not, as defendant argues, the "linchpin" of the People's case, and the prosecutor did not overemphasize such evidence in her summation (*People v Rosa,* 176 AD2d

187, 188, *lv denied* 79 NY2d 831). Concur—Kupferman, J. P., Ross, Williams and Tom, JJ.