◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARD WILLIAMS, Appellant. [629 NYS2d 705] —Judgment unanimously affirmed. Memorandum: Defendant's contentions that the trial court erred in failing to consider whether the victim was an accomplice to the crime of incest (Penal Law § 255.25) and whether her testimony was supported by corrobo-

rative evidence are not preserved for our review *(see,* CPL 470.05 [2]), and we decline to exercise our power to review those contentions as a matter of discretion in the interest of justice *(see,* CPL 470.15 [6] [a]). Defense counsel's failure to request a *Sandoval* hearing does not, in itself, amount to ineffective assistance *(see, People v Klos,* 190 AD2d 754, 756, *lv denied* 81 NY2d 972; *People v Gonzalez,* 161 AD2d 798, *lv denied* 76 NY2d 857). The other alleged instance of defense counsel's ineffective representation involves matters outside the record and cannot be addressed on direct appeal *(see, People v Brown,* 190 AD2d 510, 511, *lv denied* 81 NY2d 968; *People v Reid,* 137 AD2d 844, *lv denied* 71 NY2d 901). The sentence imposed is not unduly harsh or severe.

We have examined the remaining contentions raised in defendant's *pro se* supplemental brief and conclude that none requires reversal. (Appeal from Judgment of Monroe County Court, Wiggins, Jr., J.—Incest.) Present—Green, J. P., Pine, Fallon, Callahan and Davis, JJ.