■ The People of the State of New York, Respondent, v Christopher R., Appellant. [633 NYS2d 191] —Appeal by the defendant from (1) a judgment of the County Court, Orange County (Pano Z. Patsalos, J.), rendered March 5, 1993, convicting him of escape in the first degree, upon a jury verdict, and imposing sentence and (2) an order of the same court, dated March 8, 1993, which found him in criminal contempt of court and imposed a fine.

Ordered that the judgment is affirmed; and it is further,

Ordered that the purported appeal from the order dated March 8, 1993, is dismissed.

While incarcerated at the Mid-Orange Correctional Facility, the defendant and another inmate escaped by cutting a hole in a prison fence. At trial, the defendant admitted that he escaped from the correctional facility but claimed that he acted under duress because he was afraid that his role as a prison informant had been exposed. The defendant also claimed that an employee of the Department of Correctional Services' Inspector General's office had threatened to "come down on [him]" if he refused to cooperate with an investigation of a drug ring that was operating within the correctional facility. The defendant's allegations were disputed by the prosecution's two rebuttal witnesses, and, although the affirmative defense of duress was charged, it was rejected by the jury.

The defendant contends that his conviction of escape in the first degree is against the weight of the evidence because his

testimony establishes that his life would have been in danger if he had remained at the Mid-Orange Correctional Facility. However, the conflicting testimony of the defendant and the prosecution's witnesses presented an issue of credibility for the jury to resolve. Its determination is entitled to great weight on appeal and should not be disturbed when, as here, it is supported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Moreover, the jury properly rejected the affirmative defense of duress because the defendant's testimony failed to establish that he was coerced to escape by the "use or threatened imminent use of unlawful physical force upon him" (Penal Law § 40.00 [1]; *People v Cox,* 207 AD2d 995; *People v Rosario,* 186 AD2d 598; *People v Brown,* 68 AD2d 503, 513).

We find that the defendant's sentence is neither unduly harsh nor excessive *(see, People v Delgado,* 80 NY2d 780; *People v Suitte,* 90 AD2d 80).

The defendant challenges the propriety of the order that found him in criminal contempt of court for invoking his Fifth Amendment privilege against self-incrimination at the trial of the man who was charged with helping him to escape. However, since the finding of contempt was made in a separate proceeding and the defendant failed to file a notice of appeal from the order dated March 8, 1993, this Court is without jurisdiction to review the propriety of the contempt finding *(see, People v Duggan,* 69 NY2d 931; *People v Coble,* 168 AD2d 982). Miller, J. P., Thompson, Ritter and Krausman, JJ., concur.