■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL KARIAN, Appellant. [668 NYS2d 487] —Appeal by the defendant from a judgment of the County Court, Westchester County (Angiolillo, J.), rendered April 29, 1997, convicting him of burglary in the second degree and menacing in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the County Court, Westchester County, for further proceedings pursuant to CPL 460.50 (5).

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

We find no merit to the defendant's contention that he was denied the effective assistance of trial counsel by virtue of counsel's failure to request that the defense of duress (*see,* Penal Law § 40.00) be submitted to the jury. We note that counsel's failure to request a duress charge may well have been a strategic decision to avoid the presentation of inconsistent defenses (*see, People v Baldi,* 54 NY2d 137; *People v Frye,* 210 AD2d 503; *People v Harris,* 109 AD2d 351, 361-362). In

any event, there was no basis for submission of the duress defense to the jury. Viewed in the light most favorable to the defendant (*see, People v Farnsworth,* 65 NY2d 734), the evidence was insufficient to establish that the defendant "was coerced * * * by the use or threatened imminent use of unlawful physical force upon him" (Penal Law § 40.00 [1]; *see, People v Christopher R.,* 220 AD2d 781; *People v Cox,* 207 AD2d 995; *cf., People v Jenkins,* 214 AD2d 584).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Miller, J. P., O'Brien, Copertino and McGinity, JJ., concur.