■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR DELACRUZ, Appellant. [733 NYS2d 699] —Appeals by the defendant from two judgments of the Supreme Court, Kings County (Marrus, J.), both rendered December 15, 1998, convicting him of criminal sale of a controlled substance in the first degree (two counts), under Indictment No. 358/98, upon a jury verdict, and criminal possession of a controlled substance in the seventh degree, under Indictment No. 12086/97, upon his plea of guilty, and imposing sentences.

, Ordered that the judgments are affirmed.

The defendant's motion for a separate trial from that of his codefendants was untimely, as it was made after the commencement of trial (*see, People v Becker,* 189 AD2d 881; *People v Bornholdt,* 33 NY2d 75). In any event, since the same evidence was required in the cases against the defendant and his codefendants, conducting separate trials would have constituted a waste of judicial time and resources (*see, People v Becker, supra; see also, People v Garcia,* 289 AD2d 256 [decided herewith]; *People v Sanchez,* 289 AD2d 265 [decided herewith]).

The defendant claims that he was entitled to a jury charge that if inferences consistent with both guilt and innocence could be drawn from the evidence, he was entitled to the inference of innocence. This contention is without merit, as such a jury charge "is only required where the People's case is based solely on circumstantial evidence * * * or where the People introduce evidence of the defendant's conduct from which they contend the jury may draw an inference that such conduct evidences a consciousness of guilt" (*People v Rodriguez,* 135 AD2d 586, 587-588). The prosecution relied on the testimony of an undercover officer and his recorded conversations with the defendant, and thus, its case was not based entirely on circumstantial evidence (*see, People v Rodriguez, supra*).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are either unpreserved for appellate review or without merit. Santucci, J. P., Krausman, Luciano and Feuerstein, JJ., concur.