■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE GARCIA, Appellant. [734 NYS2d 472] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered December 15, 1998, convicting him of criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that he was entitled to a separate trial from that of his codefendants is unpreserved for appellate review, since he did not move for that relief in the Supreme Court. In any event, since the same evidence was required in the cases against the defendant and his codefendants, conducting separate trials would have constituted a waste of judicial time and resources (*see, People v Becker,* 189 AD2d 881; *see also, People v Delacruz,* 289 AD2d 254 [decided herewith]; *People v Sanchez,* 289 AD2d 265 [decided herewith]).

Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in declining to charge the jury on the affirmative defense of duress, since there was no basis to submit that charge to the jury (*see, People v Karian,* 247 AD2d 634).

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Santucci, J. P., Krausman, Luciano and Feuerstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM GEORGE, Appellant. [734 NYS2d 863] —Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated September 25, 2000 (*People v George,* 275 AD2d 799), affirming a judgment of the Supreme Court, Kings County, rendered October 26, 1998.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see, Jones v Barnes,* 463 US 745). O'Brien, J. P., Ritter, Santucci and Goldstein, JJ., concur.