■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL SANCHEZ, Appellant. [734 NYS2d 850] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered December 15, 1998, convicting him of criminal sale of a controlled substance in the first degree (six counts), criminal sale of a controlled substance in the third degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the Supreme Court erred when, in denying the prosecution's motion to introduce evidence of other criminal charges pending against him, it indicated that it might revisit the issue if he opened the door to such evidence. This contention is unpreserved for appellate review (*see,* CPL 470.05 [2]). In any event, a prosecutor may inquire "into pending criminal charges if a defendant, in taking the stand, makes assertions that open the door and render those charges relevant for contradiction and response" (*People v Betts,* 70 NY2d 289, 295).

The defendant's motion for a separate trial from that of his codefendants was untimely, as it was made after the commencement of trial (*see, People v Becker,* 189 AD2d 881; *People v Bornholdt,* 33 NY2d 75). In any event, since the same evidence was required in the cases against the defendant and his

codefendants, conducting separate trials would have constituted a waste of judicial time and resources (*see, People v Becker, supra; see also, People v Delacruz,* 289 AD2d 254 [decided herewith]; *People v Garcia,* 289 AD2d 256 [decided herewith]).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are either unpreserved for appellate review or without merit. Santucci, J. P., Krausman, Luciano and Feuerstein, JJ., concur.