■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MOISES VALERIO, Appellant. [894 NYS2d 157]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (McGann, J.), rendered May 24, 2007, convicting him of murder in the second degree, attempted murder in the second degree (two counts), assault in the first degree (two counts), criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

"The defendant's contention that various comments made by the prosecutor during [her] summation were improper and deprived him of a fair trial is unpreserved for appellate review, as the defendant either did not object to the remarks at issue or made only general objections, or his objections were sustained without any further request for curative instructions and he failed to move [timely] for a mistrial" (*People v Boyce*, 54 AD3d 1052, 1053 [2008]; *see* CPL 470.05 [2]; *People v Philbert*, 60 AD3d 698 [2009]; *People v Dashosh*, 59 AD3d 731 [2009]). In any event, most of the challenged remarks constituted fair comment on the evidence or were responsive to defense counsel's summation (*see People v Forest*, 52 AD3d 733 [2008]; *People v Holguin*, 284 AD2d 343 [2001]). Although some of the remarks were improper, they were not so egregious as to deprive the defendant of a fair trial (*see People v Philbert*, 60 AD3d at 698).

Moreover, the court instructed the jurors that they were the finders of fact, that the arguments of counsel were not evidence, and that they were to assess the witnesses' credibility.

The defendant's contention that the Supreme Court improperly failed to charge the jury regarding the weakness of evidence of flight is unpreserved for appellate review because the defendant neither requested such a charge nor objected to the court's failure to so charge (*see* CPL 470.05 [2]; *Up-Front Indus. v U.S. Indus.*, 63 NY2d 1004 [1984]; *People v Burks*, 272 AD2d 476, 477 [2000]; *People v Hinckson*, 266 AD2d 404, 405 [1999]; *People v Elias*, 226 AD2d 474 [1996]; *People v John*, 221 AD2d 564, 565 [1995]; *People v Baez*, 208 AD2d 551 [1994]; *People v Yaghnam*, 135 AD2d 763, 764 [1987]). In any event, under the instant facts, such a charge was not warranted since the People "never argued that [the defendant's] flight evinced a consciousness of guilt" (*People v Rodriguez*, 135 AD2d 586, 588 [1987]; *see People v Delacruz*, 289 AD2d 254, 255 [2001]; *People v John*, 221 AD2d at 565; *People v Hilton*, 210 AD2d 180, 180 [1994]; *People v Brown*, 190 AD2d 510 [1993]; *People v Rosa*, 176 AD2d 187, 188 [1991]).

Under the facts of this case, in which defense counsel had discussed with the defendant his right to be present and the defendant was aware of that right, the waiver of the defendant's right to be present at a pretrial *Rodriguez* hearing (*People v Rodriguez*, 135 AD2d 586, 588 [1987]) was valid (*see People v Perine*, 3 AD3d 586, 587 [2004]; *People v Lebron*, 293 AD2d 689, 690 [2002]; *People v Underwood*, 201 AD2d 597, 597-598 [1994]). This is especially so where, although physically absent from the hearing, the defendant heard what transpired. In addition, the defendant was not deprived of his right to be present at all material stages of his trial (*see generally People v Antommarchi*, 80 NY2d 247 [1992]) by his absence from the jury's viewing of exhibits already admitted into evidence. At most, this constituted an ancillary proceeding (*see People v Monroe*, 90 NY2d 982, 984 [1997]). Since the defendant's presence at the viewings could not have had "a substantial effect on [his] ability to defend against the charges" (*People v Sloan*, 79 NY2d 386, 392 [1992]), his presence was not required (*see People v Orr*, 267 AD2d 177 [1999]).

The defendant's remaining contention is without merit. Dillon, J.P., Florio, Leventhal and Roman, JJ., concur.