■ The People of the State of New York, Respondent, v Sebastian Barba, Appellant. [23 NYS3d 381]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Delligatti, J.), rendered March 18, 2014, convicting him of assault in the first degree and leaving scene of an incident without reporting, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant struck a pedestrian with his vehicle in February 2001. Rather than stopping to assist her, he drove his car over her, causing her death. The defendant then left the scene. Later that day, when he spoke with the police by telephone, he was told to turn himself in. Instead, he fled to Ecuador, his native country. In December 2001, the People obtained an indictment charging the defendant with murder in the second degree (Penal Law § 125.25 [2]) and other crimes. Over the next 11 years, the defendant did not return to the United States. For

four years, the People attempted to locate the defendant in this country, but were unsuccessful. When they discovered, in 2005, that he was in Ecuador, they inquired as to the availability of extradition, but learned that, despite the presence of a treaty between the United States and Ecuador, a request for extradition would be futile. An Interpol "red notice" was obtained in 2006, and the defendant was arrested in Panama in November 2012, as he prepared to return to Ecuador from the Dominican Republic. Upon being returned to Nassau County, he was arraigned on the indictment. Eventually, he moved, inter alia, to dismiss the indictment on the ground that he had been denied his right to a speedy trial as guaranteed by CPL 30.20 and the United States Constitution. After the Supreme Court denied that branch of his motion, the defendant pleaded guilty.

Under *People v Taranovich* (37 NY2d 442 [1975]), a court determining a motion claiming that a defendant was denied a speedy trial must consider "(1) the extent of the delay; (2) the reason for the delay; (3) the nature of the underlying charge; (4) whether or not there has been an extended period of pretrial incarceration; and (5) whether or not there is any indication that the defense has been impaired by reason of the delay" (*id.* at 445; *see People v Romeo*, 12 NY3d 51, 55 [2009]; *see also Barker v Wingo*, 407 US 514, 533 [1972]). Here, although the delay was indeed "extraordinary" (*Barker v Wingo*, 407 US at 533), it was caused by the defendant's own conduct in fleeing from the United States to a country from which extradition could not be obtained (*cf. People v Romeo*, 12 NY3d at 56-57). Moreover, the People made sufficient efforts under the circumstances to locate the defendant. Finally, in addition to the other relevant factors, there is no indication that the defendant was prejudiced in any way by the delay that he himself caused by his "fugitivity" (*Rayborn v Scully*, 858 F2d 84, 89 [2d Cir 1988]; *see People v Taranovich*, 37 NY2d at 447; *People v Allen*, 134 AD3d 730, 731 [2d Dept 2015]).

Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was to dismiss the indictment on the ground that the defendant had been denied a speedy trial. Balkin, J.P., Dickerson, Miller and Hinds-Radix, JJ., concur.