People v Keating (2020 NY Slip Op 02627)





People v Keating


2020 NY Slip Op 02627


Decided on May 6, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 6, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2015-03583
 (Ind. No. 4223/04)

[*1]The People of the State of New York, respondent,
v
Michael Keating, appellant.


Paul Skip Laisure, New York, NY (Alexis A. Ascher of counsel), for appellant, and appellant pro se.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Seth M. Lieberman, Joyce Slevin, and Terrence F. Heller of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Alan Marrus, J.), rendered April 13, 2015, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Neil Jon Firetog, J.), without a hearing, of the defendant's motion pursuant to CPL 30.30 to dismiss the indictment on the ground that he was denied the statutory right to a speedy trial and his due process right to prompt prosecution.
ORDERED that the judgment is affirmed.
We agree with the Supreme Court's denial of the defendant's motion to dismiss the indictment on the ground that he was denied his right to a speedy trial and his due process right to prompt prosecution. "A defendant's right to a speedy trial is guaranteed both by the United States Constitution (see US Const 6th, 14th Amends; Klopfer v North Carolina, 386 US 213, 223), and by statute (see CPL 30.20[1]; Civil Rights Law § 12)" (People v Walton, 168 AD3d 1103, 1105). "Although an unjustified delay in prosecution will deprive a defendant of the State constitutional right to due process (see NY Const, art I, § 6; People v Decker, 13 NY3d 12, 14; People v Staley, 41 NY2d 789, 791), a determination made in good faith to delay prosecution for sufficient reasons will not deprive defendant of due process even though there may be some prejudice to defendant'" (People v Walton, 168 AD3d at 1105, quoting People v Vernace, 96 NY2d 886, 888). "In determining whether a defendant's constitutional right to a speedy trial has been violated, the Court of Appeals has articulated five factors to be considered: (1) the extent of the delay; (2) the reason for the delay; (3) the nature of the underlying charges; (4) any extended period of pretrial incarceration; and (5) any impairment of the defendant's defense" (People v Metellus, 157 AD3d 821, 823; see People v Romeo, 12 NY3d 51, 55).
Here, the Supreme Court appropriately balanced the requisite factors in denying the defendant's motion to dismiss the indictment. Although there was an extensive delay of approximately 82 months between the murder of the victim and the indictment, the People established good cause for the delay, as a significant amount of the pre-indictment delay was attributable to an investigation to gather sufficient evidence to prosecute the defendant (see People [*2]v Walton, 168 AD3d at 1105; People v Mattison, 162 AD3d 905, 906). Moreover, while there was an extensive delay of approximately 104 months between the indictment and the defendant's arrest in Jamaica, this delay was attributable in part to the defendant's own conduct in leaving the United States, requiring his extradition (see People v Barba, 135 AD3d 950, 951; cf. People v Romeo, 12 NY3d at 56-57). The People established that the post-indictment delay was attributable to continued efforts to extradite the defendant, which were hindered by circumstances including the retirements and leaves of absence of various detectives overseeing the case. Moreover, while the lengthy delay is relevant to the consideration of prejudice suffered by the defendant from said delay, the defendant failed to demonstrate specific impairment to his defense (see People v Wiggins, 31 NY3d 1, 18-19), the defendant was not incarcerated during any portion of the pre-indictment or post-indictment delay, and the nature of the charge, murder in the second degree, was very serious (see People v Walton, 168 AD3d at 1105-1106; People v Vernace, 274 AD2d 595, 597, affd 96 NY2d 886). Accordingly, we agree with the Supreme Court's determination to deny the defendant's motion to dismiss the indictment.
The defendant's contention that the evidence was legally insufficient to support his conviction because the prosecution failed to establish his identity as the perpetrator of the crime is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492; People v Davidson, 150 AD3d 1142, 1143). In any event, viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish his identity as the perpetrator beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348-349), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that the trial court erred by failing to charge the jury regarding the weakness of evidence of flight as consciousness of guilt is unpreserved for appellate review (see CPL 470.05[2]). In any event, such a charge was not warranted because the People never argued that the defendant's flight evinced a consciousness of guilt (see People v Valerio, 70 AD3d 869, 870; People v Rodriguez, 135 AD2d 586, 588).
The defendant's contentions that certain remarks the prosecutor made on summation were improper are largely unpreserved for appellate review (see CPL 470.05[2]; People v Willis, 165 AD3d 984, 985). In any event, the challenged remarks either were responsive to defense counsel's summation, constituted fair comment on the evidence, or otherwise do not warrant reversal (see People v Brooks, 165 AD3d 1280; People v Carter, 152 AD3d 786).
The defendant was not deprived of the effective assistance of counsel (see People v Baldi, 54 NY2d 137).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
BALKIN, J.P., LEVENTHAL, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court