People v Rodriguez (2021 NY Slip Op 06199)





People v Rodriguez


2021 NY Slip Op 06199


Decided on November 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
BETSY BARROS
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.


2017-11169
 (Ind. No. 879/03)

[*1]The People of the State of New York, respondent,
v
Rafael Rodriguez, appellant.


Patricia Pazner, New York, NY (Martin B. Sawyer of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Ellen C. Abbot, and Charles T. Pollack of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kenneth C. Holder, J.), rendered August 21, 2017, convicting him of manslaughter in the first degree, aggravated criminal contempt, criminal contempt in the first degree, tampering with physical evidence, and bail jumping in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.
ORDERED that the judgment is affirmed.
The defendant's contention that his statements to law enforcement officials should have been suppressed because he was represented by counsel on a pending charge at the time he made the statements cannot be reviewed on direct appeal, since the defendant's failure to raise that issue during a Huntley hearing (see People v Huntley, 15 NY2d 72) resulted in an inadequate record (see People v McLean, 15 NY3d 117, 120-121; People v Owens, 129 AD3d 995, 995).
Contrary to the defendant's contention, the Supreme Court properly denied his motion to dismiss the indictment on the ground that he was denied his constitutional right to a speedy trial. "In determining whether a defendant's constitutional right to a speedy trial has been violated, the Court of Appeals has articulated five factors to be considered: (1) the extent of the delay; (2) the reason for the delay; (3) the nature of the underlying charges; (4) any extended period of pretrial incarceration; and (5) any impairment of the defendant's defense" (People v Metellus, 157 AD3d 821, 822; see People v Romeo, 12 NY3d 51, 55; People v Taranovich, 37 NY2d 442). Here, although there was an extensive delay of approximately 150 months between the victim's disappearance and the defendant's arrest, the People established good cause for the delay, including the defendant's own conduct in leaving the United States, requiring his extradition (see People v Keating, 183 AD3d 595, 596; People v Barba, 135 AD3d 950, 951). Moreover, the defendant was not incarcerated during any portion of the delay, the nature of the manslaughter charge was very serious, and "there is no indication that the defendant was prejudiced in any way by the delay that he himself caused by his 'fugitivity'" (People v Barba, 135 AD3d at 951, quoting Rayborn v Scully, 858 F2d 84, 89 [2d Cir]; see People v Taranovich, 37 NY2d at 447; People v Allen, 134 AD3d 730, 731).
The defendant's contention that the evidence was legally insufficient to establish his guilt of tampering with physical evidence is unpreserved for appellate review (see CPL 470.05[2]; People v Gray, 86 NY2d 10, 20-21). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt of tampering with physical evidence beyond a reasonable doubt (see People v Cardenas, 239 AD2d 594).
Further, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt as to all counts was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contentions that his rights under the Confrontation Clause of the Sixth Amendment to the United States Constitution (see US Const 6th Amend; Crawford v Washington, 541 US 36) were violated by the admission of testimony from a police officer regarding a conversation with a neighbor of the victim, and testimony from the victim's brother regarding a conversation with a person who lived in the victim's apartment, are unpreserved for appellate review, as the defendant did not object to the testimony on that ground (see People v Currie, 131 AD3d 1265, 1266). In any event, the testimony at issue "'was properly admitted for the relevant nonhearsay purpose[s] of establishing the reasons behind the [officer's] actions, and to complete the narrative of events leading to the defendant's arrest'" (People v Lopez-Miralles, 153 AD3d 936, 936, quoting People v Prince, 128 AD3d 987, 987 [internal quotation marks omitted]; see People v Henry, 183 AD3d 607, 608).
The defendant's contention that his right to a fair trial was violated by certain remarks made by the prosecutor on summation is unpreserved for appellate review, since the defendant either failed to object to the remarks at issue or made only a general objection, and failed to make a timely motion for a mistrial on the specific grounds he now asserts on appeal (see People v Romero, 7 NY3d 911, 912; People v Willis, 165 AD3d 984, 985). In any event, most of the challenged summation remarks constituted fair comment on the evidence and the reasonable inferences to be drawn therefrom, a fair response to the defense summation, or permissible rhetorical comment (see People v Rodriguez, 175 AD3d 721, 722; People v Carter, 152 AD3d 786). To the extent some of the challenged remarks were improper, they were not so flagrant or pervasive as to have deprived the defendant of a fair trial (see People v Reeves, 180 AD3d 936, 938; People v Coleman, 148 AD3d 717, 718).
Contrary to the defendant's contention, he was not deprived of the effective assistance of counsel (see Strickland v Washington, 466 US 668; People v Benevento, 91 NY2d 708).
The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit.
CHAMBERS, J.P., BARROS, WOOTEN and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court