## (October 13, 1983)

■ The People of the State of New York, Respondent, v Troy M. Tenace, Appellant. — Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered April 1, 1982, upon a verdict convicting defendant of the crime of assault in the second degree. On October 6, 1981, defendant was indicted for two counts of assault in the second degree for allegedly striking another inmate with a toilet brush, fracturing the latter's cheekbones and causing other injuries, while incarcerated in the Albany County Jail. A jury rejected the affirmative defense of duress, convicting defendant of assault in the second degree. He was sentenced to a term of three and one-half to seven years' imprisonment. The sole issue on this appeal is whether the court erred in instructing the jury on the defense of duress. Subdivision 1 of section 40.00 of the Penal Law defines the defense as applying to a "defendant engaged in the proscribed conduct because he was coerced to do so by the use or threatened imminent use of unlawful physical force upon him or a third person, which force or threatened force a person of reasonable firmness in his situation would have been unable to resist". During the trial, defendant testified that one Alfred Anderson, an inmate at the Albany County Jail, had twice prior to the incident in question struck defendant and forced him to perform sexual acts and to engage in menial tasks. Defendant testified that he considered himself a servant or slave of Anderson's, and that it was his fear of harm from Anderson, who was present during the incident, that caused him to commit the assault. From this testimony, a charge on duress was appropriate. The jury made the following request: "Your Honor, for the defense of duress you said the defendant had to show resistance to the duress. Did he have to show resistance for the assault charge, or can he plead duress if he showed resistance at any time during his stay in prison?" In response, the court repeated the statutory language of duress and added: "To determine whether of not he would have been able to resist at the time of the assault, in order to determine whether he would have been able to resist or not to resist, if you find the duress defense applicable, you have to look at the situation as it appeared at the time he was called upon to do that proscribed conduct. And I will read that once again. So the time frame you are looking at is what the situation was that he found himself in at the time of the proscribed conduct, the time of the assault."

Defendant argues that this instruction improperly required him to establish resistance at the time of the actual assault and thus imposed a more stringent standard than required by statute. We disagree. "Duress in the sense of the statute means immediate physical force or immediate threat of physical force" (*People v Brown,* 68 AD2d 503, 513). Under this standard, it becomes imperative to consider the circumstances at the time the proscribed conduct occurs. The emphasis on defendant's "situation" at the time of the assault, however, in no way precluded the jury from considering all the underlying circumstances leading up to that moment. A full appreciation of defendant's "situation" necessarily included a recognition of his status as an inmate and the fact that he had previously been threatened and assaulted. These factors, combined with a present and immediate compulsion, constitute duress. Defendant's reliance on *People v Pryor* (70 AD2d 805) is misplaced because the instructional error in that case concerned the stricter charge as to injury and not the time frame in which the duress occurs. In our view, the trial court's instruction fully complied with the statutory standard and in no way served to deprive defendant of a fair trial. Judgment affirmed. Mahoney, P. J., Main, Mikoll and Weiss, JJ., concur; Levine, J., not taking part.