■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ORESTE AMATO, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Browne, J.), rendered November 4, 1982, convicting him of robbery in the first degree, criminal possession of a weapon in the second degree, and criminal use of a firearm in the first degree, after a nonjury trial, and imposing sentence. Judgment modified, on the law, by reducing the conviction of robbery in the first degree to one of robbery in the third degree, by vacating the convictions of criminal possession of a weapon in the second degree and criminal use of a firearm in the first degree and dismissing those counts, and by vacating the sentence imposed. As so modified, judgment affirmed, and case remitted to Criminal Term for resentencing in accordance herewith. On the afternoon of December 18, 1980, defendant's paramour admitted codefendants Mercado and Aviles into defendant's Brooklyn apartment. Mercado sat down in the kitchen, placed a black gun on the table, and told defendant that he had a "job" ready which needed a third person, and that defendant was coming with him. When defendant stated that he did not want to go, Mercado turned nasty, loud and angry and told defendant that if he knew what was good for him and his family he would go along. Defendant was afraid of Mercado because he knew of Mercado's reputation for violence. Since he also feared for the safety of his paramour and son, he eventually capitulated. Mercado left the premises for about 15 minutes to change the license plates on his car, but defendant did not try to leave or telephone the police. After Mercado returned, he, defendant and Aviles rode in his car to a jewelry store on Queens Boulevard in Forest Hills. When they arrived at the store, defendant was directed to stand on a divider on the opposite side of the street from the store. He was supposed to enter the store as soon as he saw Mercado walk in. Despite these instructions, defendant stood on the divider for about five minutes after Mercado had already entered the store. He did not try to flee the area or abandon the enterprise. Aviles entered the store first and complainant and his 74-year-old mother attempted to sell him a medallion. When Mercado entered, both men pointed black guns at complainant and his mother and announced a robbery. Mercado herded them into a back room while Aviles started taking jewelry. Defendant then arrived and Aviles let him in. Shortly thereafter, a police officer came by, realized what was happening and kicked in

the glass front door. The perpetrators then took complainant and his mother as hostages and attempted to leave the store. The police officers on the scene took cover behind parked automobiles. As the perpetrators were leaving, one of the officers apprehended Mercado. However, defendant had his arm around complainant's mother's neck and Aviles was staying close to her. The two men dragged her down the block telling the officers to stay back. Aviles then moved away from her, put his right hand in his coat and went into a crouching position. The police opened fire and struck Aviles at least three times. Defendant was then grabbed by another officer and arrested. The perpetrators were frisked and found to be unarmed. The police immediately searched the store and found three blue .38 caliber revolvers hidden in the back of the store. No black guns were ever found. The three guns were subsequently tested for fingerprints and the results were negative. After a joint nonjury trial, Mercado, Aviles and defendant were convicted of robbery in the first degree based upon use of a deadly weapon, criminal possession of a weapon in the second degree and criminal use of a firearm in the first degree. The court stated that defendant failed to prove an affirmative defense of duress. During the trial, no evidence was adduced connecting the blue guns found by the police to Mercado, Aviles or defendant. No other proof was offered to show that Mercado, Aviles or defendant used loaded and operable weapons. Defendant's conviction on the charges of robbery in the first degree and criminal use of a firearm in the first degree were based on the use of a deadly weapon (Penal Law, § 160.15, subd 2; § 265.09, subd [1]). In order for a gun to be considered deadly, it must be proven that the gun was loaded and operable (Penal Law, § 10.00, subd 12; *People v Howard*, 37 AD2d 178). In addition, criminal possession of a weapon in the second degree requires proof that the gun was loaded (Penal Law, § 265.03). Since there was no proof that a loaded and operable firearm was used, defendant's convictions for criminal use of a firearm in the first degree and criminal possession of a weapon in the second degree should be reversed and those counts dismissed. In addition, the charge of robbery in the first degree should be reduced to the lesser included offense of robbery in the third degree, i.e., that the defendant forcibly stole property (Penal Law, § 160.05; see *People v Moy*, 56 AD2d 853). In view of the foregoing, this case is remitted to Criminal Term for resentencing (CPL 470.20, subd 4). Defendant's claim of duress is without merit. By his own testimony, defendant described numerous opportunities to abandon his criminal activity and escape Mercado's acts of duress. A defense of duress may not be used when the force or threat used is incapable of immediate realization (*People v Brown*, 68 AD2d 503). Also, on several occasions, as when he went into the store after being left alone for five minutes, defendant voluntarily put himself back in a position where he could be subjected to duress. Thus, a duress defense was not established (Penal Law, § 40.00, subd 2; *People v Irby*, 61 AD2d 386). Defendant also claims that several procedural errors were made during the trial that require a reversal. The court erred in not allowing defendant to present evidence showing his state of mind as to knowledge of Mercado's bad and violent reputation. That evidence was excluded in order to avoid prejudicing Mercado's defense, although defendant's knowledge of specific violent incidents involving Mercado was a key element in defendant's defense of duress (see *People v Miller*, 39 NY2d 543; *People v Colgan*, 50 AD2d 932). In the case at bar, however, the court admitted evidence of threats made by Mercado to defendant. Also, in its determination, the court acknowledged that defendant was afraid of Mercado due to Mercado's reputation for violence. These facts, plus the overwhelming evidence of defendant's guilt, render this error harmless (*People v Crimmins*, 36 NY2d 230). Defendant claims that the court also erred when it admitted in evidence an extrajudicial confession by Mercado which implicated defendant. Defendant immediately

moved for a severance, which the court properly denied. Motions for a severance must be made before a trial (CPL 200.40, subd 1; 255.20, subd 1). When such a motion is made during a trial, it is not timely and is properly denied (*People v Bornholdt,* 33 NY2d 75, cert den 416 US 905). In any event, defendant claims that the court should not have accepted the confession because he was effectively denied an opportunity to cross-examine Mercado on the statements made which implicated defendant (*Bruton v United States,* 391 US 123). The instant case is distinguishable from *Bruton v United States* (*supra*), in that this case was a nonjury trial. Thus, it can be assumed that the court's superior knowledge of the laws of evidence would eliminate the major concern of *Bruton* (*supra*), namely, that a jury would look at incriminating extrajudicial statements of one defendant in determining a codefendant's guilt, despite instructions to the contrary (*Bruton v United States, supra,* p 126). In any event, it is evident from reading the court's determination that almost no credence was given to Mercado's statements. In addition, defendant gave testimony which placed him at the scene of the crime and which left no doubt that he participated in it. The only question at issue was defendant's own volition, a matter which the court decided against defendant based on his own testimony. Under the circumstances, evidence of defendant's guilt was overwhelming, and there is no reasonable possibility that the admission of the statements in question contributed to his conviction. Thus, any error which may have been committed in this regard was harmless (*Harrington v California,* 395 US 250; *People v Pelow,* 24 NY2d 161; *People v Miller,* 74 AD2d 961). Lazer, J. P., Thompson, Niehoff and Boyers, JJ., concur.