■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TONY CAMPOS, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Bernstein, J.), rendered March 25, 1982, convicting him of murder in the second degree and robbery in the first degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

As defendant's own confession and trial testimony were substantially identical with the extrajudicial statements of his nontestifying codefendants, defendant was not prejudiced by the

denial of his motion to sever. (*See, Parker v Randolph,* 442 US 62; *People v McNeil,* 24 NY2d 550, *cert denied sub nom. Spain v New York,* 396 US 937; *People v Berzups,* 49 NY2d 417.)

The record supports the denial of his motion to suppress his confession, as it was made after his valid arrest and after he knowingly and intelligently waived his *Miranda* rights. The record is devoid of any indication of coercive behavior on the part of the police or the District Attorney. (*Cf. People v Anderson,* 42 NY2d 35.)

Defendant was properly convicted of felony murder. He did not prove the elements of the affirmative defense of the nonkiller participant in a felony murder. (Penal Law § 125.25 [3].) He similarly did not prove the defense of duress. He testified that codefendant Smith threatened to "poke [him] with a knife and tear [his] car up" if he did not drive him to the subway station, the site of the crime. Defendant's testimony, if credited, demonstrated that he knew that Smith was of a violent nature, but Smith was not armed when he made the threat. Therefore, the threat was incapable of immediate exercise. (*People v Brown,* 68 AD2d 503.) Also, defendant voluntarily put himself back in a position where he could be subjected to duress. (*See, People v Amato,* 99 AD2d 495.) After initially being threatened by Smith, defendant drove away from him in order to drive a friend home. However, defendant voluntarily drove back to where Smith was waiting for him. Defendant also had a further opportunity to extricate himself from the situation, which he did not take advantage of. After driving his codefendants to the subway station where the instant crime was committed, defendant was told to wait in his car for them. While the codefendants were committing the crime, defendant noticed a police car across the intersection. However, defendant neither drove over to the police car nor attempted to attract the attention of the officers in any way. Accordingly, defendant did not prove that he acted under duress. Mollen, P. J., Titone, Thompson and Bracken, JJ., concur.