■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLARENCE LANE, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Lawrence, J.),

rendered December 22, 1981, convicting him of two counts of robbery in the first degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Defendant was convicted of two counts of robbery in the first degree arising out of his participation with two others in the gunpoint robbery of a couple with whom he was acquainted in the couple's Brooklyn apartment on the evening of April 18, 1980. At trial, defendant raised the affirmative defense of duress, claiming that he accompanied his brother-in-law, Denis Saxton, and his stepson, Tyrone, to the apartment in the belief that they were going to do a moving job, and that he suddenly was forced to participate in the robbery when his brother-in-law pulled out a gun, pointed it at him, and directed him to take the couple's television. On this appeal, defendant argues, *inter alia,* that the court erred in not allowing him to present evidence concerning prior fights he had with Saxton to demonstrate his knowledge of Saxton's violent nature and that he thereby was precluded from fully developing his defense. Although we agree that such evidence should have been admitted because defendant's knowledge of specific violent incidents involving Saxton was material to his defense (*see, People v Amato,* 99 AD2d 495; *People v Tenace,* 97 AD2d 592), we conclude that its exclusion was harmless error on the facts of this case. Defendant was subsequently permitted to introduce evidence that Saxton was "mean", would not hesitate to retaliate against defendant's family, and had once burned down someone's house. Thus, the jury was made aware that defendant knew of Saxton's violent propensities (*see, People v Amato, supra,* at p 496). Moreover, the evidence of defendant's guilt was overwhelming. By his own testimony, defendant continued to participate in the crime. Once he safely exited the apartment with the television, he chose to wait outside for his cohorts while they searched for more items to take. Defendant's claim of duress is without merit since he had the opportunity to abandon his criminal activity and escape Saxton's alleged acts of duress (*People v Amato, supra; People v Brown,* 68 AD2d 503). Further, according to the People's witnesses, it was defendant's own stepson who brought the gun into the apartment, casting severe doubt on his claim that he was taken by surprise.

Defendant's remaining claims either have not been preserved for review (*see, People v Thompson,* 97 AD2d 554) or are without merit. Gibbons, J. P., Bracken, O'Connor and Rubin, JJ., concur.