(April 26, 1990)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
RAY B. CORNWELL, Appellant.—Yesawich, Jr., J. Appeal from
a judgment of the County Court of Broome County (Monser-
rate, J.), rendered July 2, 1987, upon a verdict convicting
defendant of the crime of robbery in the first degree.

At trial, defendant admitted that he entered a convenience
store gas station, displayed a handgun, demanded and ob-
tained money from the store clerk and fled in a car driven by
his accomplice, Christopher De Sivo, but claimed that he did
these acts under duress (see, Penal Law § 40.00 [1]). In an
effort to establish the defense of duress, defendant attempted
to prove that he was afraid of De Sivo, that De Sivo had
threatened him and his wife, had assaulted and attempted to
kill defendant in the past, and had held defendant's wife
hostage. Defendant sought to convince the jury that his fear of
De Sivo was so profound that he believed De Sivo would kill
him if he did not rob the gas station. Defendant's appeal calls
into question the effectiveness of his counsel, the legal suffi-
ciency of the People's proof and certain of County Court's
rulings at trial.

The fact that defendant's trial counsel failed to subpoena De
Sivo, did not call a witness who allegedly knew of defendant's
fear of De Sivo, and unproductively examined one witness
does not equate to ineffective representation. Absent any
indication that either missing witness could or would have
substantiated the duress defense, counsel is not to be faulted
for failing to call them. Further, even a cursory examination
of the trial transcript belies defendant's ineffectiveness claim;
counsel competently cross-examined the prosecution witnesses
and creditably tried to establish defendant's affirmative de-
fense. Given that defendant was afforded meaningful represen-
tation, his criticism, directed as it is at his counsel's trial
strategies and tactics, is of no avail (see, People v Satterfield,
66 NY2d 796, 799-800).

As for the contention that the only evidence presented
indicated that the gun employed was unloaded, an affirmative
defense to first degree robbery (see, Penal Law § 160.15 [4]), we
note that the trial record suggests otherwise. One of defen-
dant's accomplices and a witness for the People, Cathy Centro,
testified that before the robbery she saw De Sivo place bullets
in the gun. And, although defendant had earlier indicated
that the gun was not loaded when De Sivo handed it to him,

he corroborated Centro's description of how, after the robbery, De Sivo fired the pistol at nearby street lights.

Nor do we find County Court's challenged rulings to be erroneous. The court correctly limited evidence concerning De Sivo's postcrime-threatening conduct, for it was defendant's state of mind at the time he committed the robbery that was at issue. Threats and violence emanating from De Sivo after the incident would be irrelevant to the duress defense because they could not have affected defendant's mind set at the time of the robbery *(see, People v Tenace,* 97 AD2d 592, 593). And, County Court properly permitted the People to use a prior inconsistent written statement possessed by defense counsel to impeach a defense witness *(see,* CPL 240.45 [2] [a]). Similarly, we find no fault with the court's *Sandoval* ruling which permitted the People to elicit defendant's convictions for issuing a bad check, criminal possession of stolen property, larceny, burglary and "a felony" *(see generally, People v Sandoval,* 34 NY2d 371, 375).

Lastly, two jurors' brief and inadvertent viewing of defendant while he was handcuffed and being transported to the courtroom did not deprive defendant of a fair trial; County Court not only questioned these jurors regarding their encounters, but also provided clear curative instructions *(see, People v Dawson,* 125 AD2d 860, 861; *People v Mattison,* 97 AD2d 621, 623).

Judgment affirmed. Mahoney, P. J., Kane, Yesawich, Jr., and Mercure, JJ., concur.