■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONATO VESPA, Appellant.—Judgment of the Supreme Court, New York County (Joan B. Carey, J.), rendered February 27, 1987, convicting defendant, after a bench trial, of two counts of robbery in the first degree, one count of robbery in the second degree, and two counts of burglary in the first degree

and sentencing him, as a predicate felon, to concurrent indeterminate terms of 4½ to 9 years on each of the first degree robbery convictions, 3 to 6 years on the second degree robbery conviction, and 4½ to 9 years on each of the first degree burglary convictions, is unanimously affirmed.

Defendant was tried and convicted for the robbery of Jose Alvarado and his family in their apartment at 795 9th Avenue in Manhattan. After initially waiting outside while his accomplice "Angel" entered the apartment, defendant stood with the victim's wife and children in the kitchen while "Angel" searched the apartment for money and property. At one point defendant was given a kitchen knife by "Angel" and instructed to use it "if he had to", to which defendant responded "O.K." Defendant left the apartment with a portion of the cash found by "Angel".

According to defendant's testimony, "Angel" forced defendant to accompany him to commit the offense, threatening to kill defendant if he did not comply. To be sure, there was credible evidence indicating that defendant interceded to prevent "Angel" from beating Jose Alvarado, and in fact, during the commission of the robbery, Angel threatened to shoot defendant when defendant urged him not to take a videocassette recorder. Nevertheless, there was also cogent evidence establishing that defendant had at least two clear opportunities to abandon the criminal activity, of which he did not avail himself. Accordingly, we cannot hold that the defense of duress was sufficiently established (cf., People v Ramjohn, 128 AD2d 904 [2d Dept 1987]; People v Lane, 112 AD2d 247 [2d Dept 1985]) and, under the circumstances, we conclude that the conviction accorded with the weight of the evidence. Concur—Sullivan, J. P., Carro, Milonas, Asch and Rubin, JJ.