■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADRIAN APONTE, Appellant.—Judgments, Supreme Court, Bronx County (Joseph Cerbone, J.), rendered September 15, 1988, convicting defendant, after a jury trial, of robbery in the first degree and criminal possession of a weapon in the third degree and, upon his plea of guilty, of attempted criminal sale of a controlled substance in the third degree and sentencing him, as a predicate violent felon, to concurrent indeterminate prison terms of 6 to 12 years and 3½ to 7 years on the robbery and weapon counts, respectively, and 3 to 6 years on the sale count, to run consecutively, unanimously affirmed.

Although defendant does not challenge the sufficiency of the evidence, he argues that the court erred when it failed to instruct the jury to consider specific discrepancies in the complainant's description of the defendant while giving its identification charge. Initially, we note this claim is unpreserved for appellate review as a matter of law in view of defendant's failure to object to the charge when given *(see,* CPL 470.05 [2]). Nor does the claim warrant review in the interest of justice. We note in passing that the court's expanded, three-page identification charge, which, *inter alia,* included an instruction that the jury weigh the reliability of a witness's testimony in light of that witness's ability to recollect and describe his assailant's "facial features, body features and clothing", was both an accurate statement of the law and sufficient *(see, e.g., People v Rodriguez,* 130 AD2d 522, *lv denied* 70 NY2d 655).

We have examined defendant's remaining contentions and find them to be both unpreserved as a matter of law and without merit. Concur—Murphy, P. J., Kupferman, Milonas, Ellerin and Rubin, JJ.