■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS RUIZ, Appellant.—Judgment, Supreme Court, Bronx County (Bonnie Wittner, J.), rendered October 11, 1989, convicting defendant after a jury trial of murder in the second degree, and sentencing him to an indeterminate term of imprisonment of from 20 years to life, unanimously affirmed.

Defendant and a co-defendant were convicted for a brutal murder, connected with an apartment burglary, during which the victim was handcuffed, repeatedly stabbed, and thrown out of a window. Three eyewitnesses testified for the People. Defendant and co-defendant were apprehended by responding police as they attempted to flee down a fire escape. Both perpetrators were positively identified in separate lineups.

We find no infirmity in the hearing court's denial of defendant's motion to suppress identification evidence. The inadvertent viewing by one witness of defendant in a holding cell, prior to the lineup, did not arise from improper police proce-

dure *(People v Goodman,* 167 AD2d 352, *lv denied* 77 NY2d 878). Another witness' initial confusion over defendant's seat number, in the lineup, and her miscommunication in Spanish concerning that seat number, while relevant to the weight to be accorded to the evidence, is not sufficient to render the police procedures improper *(see, People v Jones,* 154 AD2d 396). In any event, the hearing court properly found an independent source for the in-court identifications *(see, People v Smalls,* 112 AD2d 173).

Defendant has failed to preserve as a matter of law any claim with respect to the prosecutor's summation *(People v Tardbania,* 72 NY2d 852). We decline to review in the interest of justice. If we were to review, we would find the existence of no reversible error.

Defendant's trial motion for a severance, which was not made until the close of co-defendant's direct testimony, was untimely (CPL 200.40 [1]; 255.20 [1], [3]; *People v James,* 116 AD2d 663). If we were to review, we would not find the defenses to be so inconsistent as to warrant a severance *(see generally, People v Mahboubian,* 74 NY2d 174) and we would defer to the discretion of the trial court *(People v Cruz,* 66 NY2d 61, *revd* 481 US 186).

Defendant's objection to the court's identification charge is unpreserved for review as a matter of law *(see,* CPL 470.05 [2]; *People v Aponte,* 166 AD2d 344, *lv denied* 77 NY2d 957). We decline to review in the interest of justice. If we were to review, we would conclude that the charge as a whole conveyed the appropriate principles of law *(People v Whalen,* 59 NY2d 273).

Defendant's challenge to the trial court's denial of his application for a missing witness charge, which was not made until the close of defendant's case, is not preserved for review as a matter of law *(People v Gonzalez,* 68 NY2d 424). In any event, defendant failed to demonstrate that the transient witness *(People v Goddard,* 150 AD2d 794) was within the People's control, and would offer non-cumulative testimony *(People v Gonzalez, supra).* Nor has defendant preserved his challenge to the trial court's denial of defendant's untimely request for a charge on duress *(People v Irby,* 61 AD2d 386, *mod* 47 NY2d 894). In any event, the co-defendant's testimony, which sought to establish only an explanation for his and the defendant's presence in the apartment, and his blood soaked clothing, was not sufficient to require a charge on duress in view of the eyewitness testimony. Being pushed into an apart-

ment is not tantamount to being forced to participate in a homicide. As such, no evidence was elicited which would have established the elements of duress (Penal Law § 40.00 [1]).

Nor has defendant preserved his challenge to the trial court's discretionary control over cross-examination of one of the witnesses (CPL 470.05 [2]; *see, People v George,* 67 NY2d 817). If we were to review, we would find no abuse in the trial court's exercise of discretion *(see, People v Schwartzman,* 24 NY2d 241, *mot to amend remittitur granted* 24 NY2d 914, *cert denied* 396 US 846).

Finally, we cannot conclude that the sentencing court abused its discretion *(People v Farrar,* 52 NY2d 302). We have considered defendant's remaining contentions and find them to be meritless. Concur—Sullivan, J. P., Milonas, Kupferman, Asch and Kassal, JJ.