■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICIA HENDRIX, Appellant. [604 NYS2d 1010] —Casey, J. Appeal from a judgment of the County Court of Tompkins County (Friedlander, J.), rendered June 22, 1992, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree (three counts) and criminal possession of a controlled substance in the third degree (three counts).

Defendant's convictions are based upon three sales of cocaine that she made to an undercover State Police Investigator and a confidential informant. In her defense at trial, defendant claimed that she had acted under the force of her live-in boyfriend, who was a drug dealer. Defendant's testimony was bolstered by that of her brother. As a result of this testimony, County Court charged the defense of duress pursuant to defendant's request and read Criminal Jury Instructions § 40.00 (1 CJI[NY], PL 40.00, at 914 et seq.). No objection was taken to the charge as given.

In response to a subsequent jury question requesting a

definition of "imminent and future harm as they pertain to duress", County Court discussed its response with the attorneys and then defined "imminent" as "immediate", "about to occur" and "capable of being immediately carried out". No objection was taken to this instruction. The jury rendered its verdict of guilty on all counts.

On her appeal, defendant claims that County Court's instruction as given was too narrow and impermissibly increased the statutory burden of proof in regard to defendant's defense of duress. This issue has not been preserved for our review due to defendant's failure to object to the charge (see, CPL 470.05 [2]; see also, People v Rotundo, 194 AD2d 943). Furthermore, we do not view the instruction as given to require reversal in the interest of justice (see, People v Tenace, 97 AD2d 592).

Defendant's other contention is that she received ineffective representation by counsel because her attorney failed to raise the agency defense on her behalf. In our view, a defense of agency would have been inconsistent with the defense of duress, for such defense would have required defendant to testify that her sole motive for selling drugs was to benefit the buyer (see, People v Andujas, 79 NY2d 113, 117). As a matter of trial tactics, defense counsel elected to pursue the defense of duress, instead of the inconsistent defense of agency. This is an insufficient basis upon which to question the effectiveness of defense counsel (see, People v Satterfield, 66 NY2d 796, 798-799). We affirm the judgment of conviction in all respects.

Mikoll, J. P., Yesawich Jr. and Mercure, JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the County Court of Tompkins County for further proceedings pursuant to CPL 460.50 (5).