■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

CHANEY JENKINS, Appellant. [625 NYS2d 70] —Appeals by the defendant from (1) a judgment of the Supreme Court, Kings County (Beldock, J.), rendered June 11, 1991, convicting him of murder in the second degree and attempted murder in the second degree under Indictment No. 10128/90, upon a jury verdict, and imposing sentence, and (2) as limited by his brief, from a sentence of the same court, imposed June 11, 1991, upon his conviction of murder in the second degree under Indictment No. 254/90, upon his plea of guilty.

Ordered that the sentence under Indictment No. 254/90 is affirmed; and it is further,

Ordered that the judgment under Indictment No. 10128/90 is reversed, on the law, and a new trial is ordered.

Viewing the evidence adduced at trial under Indictment No. 10128/90 in the light most favorable to the defendant *(see, People v Butts,* 72 NY2d 746, 750), we find that a reasonable view thereof supported the defendant's claims of duress (Penal Law § 40.00) and that he was therefore denied a fair trial as a result of the court's refusal to instruct the jury with regard to this affirmative defense. The evidence adduced at trial suggested that the defendant, who was not quite 15 years old at the time, participated in the crime at the behest of the codefendant Timothy Burnie. The evidence established that Burnie, who was approximately 24 years old at the time of the crime, had shot and critically wounded the defendant when the defendant was 12 years old. The evidence further established that Burnie, who allegedly exploited his youthful cohorts in an attempt to insulate himself from liability for his criminal endeavors, threatened to shoot the defendant if the defendant did not participate in the instant crime *(cf., People v Ruiz,* 176 AD2d 683). It is clear that the defendant was aware that Burnie was quite capable of carrying out this threat of imminent harm *(see, People v Pryor,* 70 AD2d 805; *cf., People v Ramjohn,* 128 AD2d 904; *People v Campos,* 108 AD2d 751) and a reasonable view of the evidence supports an inference that the defendant did not intentionally or recklessly place himself in a situation in which it was probable that he would be subjected to duress. Therefore, a duress charge *(see,* 1 CJI[NY] 40.00) should have been provided.

The defendant's challenge to the sentence imposed upon his conviction under Indictment No. 254/90 is meritless, and he expressly requests that his plea thereunder not be disturbed *(cf., People v Clark,* 45 NY2d 432). We have reviewed his remaining contentions and find them to be similarly without

merit. Miller, J. P., O'Brien, Krausman and Florio, JJ., concur.