■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERCHIDES URBAEZ, Appellant. [631 NYS2d 356] —Judgment, Supreme Court, New York County (Alvin Schlesinger, J.), rendered March 20, 1992, convicting defendant, after a jury trial, of criminal possession of a weapon in the second degree, assault in the second degree and criminal possession of a weapon in the third degree, and sentencing him, as a second violent felony offender, to concurrent terms of $4^1/2$ to 9 years, $2^1/2$ to 5 years, and $2^1/2$ to 5 years, respectively, unanimously affirmed.

The jury's finding that defendant's duress defense was not proven by a preponderance of the evidence is entitled to great weight on appeal and should not be disturbed unless manifestly erroneous (*People v Corporan*, 169 AD2d 643, *lv denied* 77 NY2d 959; *see, People v Bleakley*, 69 NY2d 490, 495). Here, the defense of duress was clearly rebutted by defendant's statement immediately prior to the shooting. Moreover, evidence that defendant was the only one at the scene with a gun, and that he retained custody of the weapon after the shooting, suggests his willing participation in the criminal activity, despite defendant's self-serving statements to the police.

Nor was defendant's prior conviction for criminal possession of a weapon in the third degree improperly admitted. Where defendant asserts a duress defense, evidence of uncharged crimes is admissible to rebut the claim of coercion and to prove a criminal intent or design (see, *People v Calvano*, 30 NY2d 199). Moreover, defendant's claim that the court failed to give a limiting instruction on the use of the prior conviction is unpreserved for appellate review as a matter of law, no request for one having been made (see, *People v Marte*, 207 AD2d 314, 316-317, *lv denied* 84 NY2d 937). We decline to review it in the interest of justice.

Notwithstanding that defendant was in custody at the time (*People v Reyes*, 174 AD2d 367, *lv denied* 78 NY2d 1014), the People met their burden of proving that defendant voluntarily consented to the search of his apartment. The defendant fully cooperated with the police and stated, "the gun is in room 510 * * * take me there and I will show you where it is" (*People v Gonzalez*, 39 NY2d 122, 129). The scope of the search did not exceed the consent given (*People v Estrella*, 160 AD2d 250, *lv denied* 76 NY2d 787).

Finally, defendant was not deprived of his absolute right to be present in the courtroom during the readback of testimony to the jury (CPL 310.30; *People v Rodriguez*, 76 NY2d 918, 921). The presence of the Spanish interpreter and the court's direction to bring the defendant "up", both noted in the record, can only be interpreted as indicating that defendant was present during the readback. Concur—Rosenberger, J. P., Asch, Williams and Mazzarelli, JJ.