■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANITA STAFFIERI, Appellant. [674 NYS2d 885] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting her of burglary in the third degree (Penal Law § 140.20), grand larceny in the fourth degree (Penal Law § 155.30), and petit larceny (Penal Law § 155.25). The sole contention on appeal is that Supreme Court erred in denying defendant's request to charge the jury on the affirmative defense of duress.

The court properly denied that request to charge. Penal Law § 40.00 (1) provides that "it is an affirmative defense that the defendant engaged in the proscribed conduct because [she] was coerced to do so by the use or threatened imminent use of unlawful physical force upon [her] or a third person, which force or threatened force a person of reasonable firmness in [her] situation would have been unable to resist" (*see generally, People v Rosario*, 186 AD2d 598, 599, *lv denied* 81 NY2d 794). Viewing the evidence in the light most favorable to defendant (*see, People v Jenkins*, 214 AD2d 584, 585), we conclude that there is no reasonable view thereof to support the affirmative defense of duress (*see, People v Ruiz*, 176 AD2d 683, 684-685, *lv denied* 79 NY2d 952). The testimony of defendant concerning her husband's abusiveness does not support the claim of duress. Defendant did not testify to any acts or threats of abuse at the time of the crimes (*see, People v Cornwell*, 160 AD2d 1175, 1176; *People v Brown*, 68 AD2d 503, 513; *cf., People v Tenace*, 97 AD2d 592, 593). Post-crime threats and force are irrelevant as a matter of law (*see, People v Cornwell, supra*, at 1176; *People v Tayeh*, 96 AD2d 1045, 1047). Prior threats and

assaults may support a claim of duress at the time of the crime (*see, People v Lane*, 112 AD2d 247, 248, *lv denied* 66 NY2d 920; *People v Amato*, 99 AD2d 495), but only when combined with a present and immediate compulsion (*see, People v Tenace, supra*, at 593). Here, even if the prior abuse or threats carried over to the time of the crime, there nonetheless was insufficient proof that the threatened harm was imminent (*see*, Penal Law § 40.00 [1]; *People v Cox*, 207 AD2d 995, *lv denied* 84 NY2d 1010; *People v Tayeh, supra*, at 1047; *People v Brown, supra*, at 513; *cf., People v Hendrix*, 199 AD2d 643, 644, *lv denied* 83 NY2d 806). Defendant admitted that she was able to separate herself from her husband throughout much of the time frame of each incident (*see, People v Vespa*, 165 AD2d 679, 680, *lv denied* 76 NY2d 992; *People v Ramjohn*, 128 AD2d 904, *lv denied* 70 NY2d 654; *People v Lane, supra*, at 248; *People v Campos*, 108 AD2d 751, 752; *see generally*, Penal Law § 40.00 [2]; *People v Amato, supra*, at 496). (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Burglary, 3rd Degree.) Present—Denman, P. J., Lawton, Wisner, Balio and Boehm, JJ.