■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOE FERGUSON, Appellant. [688 NYS2d 154] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Robinson, J.), rendered May 3, 1996, convicting him of robbery in the first degree (two counts), criminal possession of a weapon in the second degree, and menacing in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by (1) reversing the conviction for criminal possession of a weapon in the second degree, vacating the sentence imposed thereon, and dismissing that count of the indictment, and (2) reducing the defendant's conviction for robbery in the first degree pursuant to Penal Law § 160.15 (2) to robbery in the third degree, and vacating the sentence imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for resentencing.

The defendant was convicted of two counts of robbery in the first degree: one count under Penal Law § 160.15 (2) (armed with a deadly weapon) and one count under Penal Law § 160.15 (4) (displays what appears to be a weapon). The defendant contends, and the People correctly concede, that his conviction under Penal Law § 160.15 (2) should be reduced to the lesser included offense of robbery in the third degree. Although there was proof that the defendant displayed a weapon to the complainant during the robbery, the People failed to present proof that the defendant possessed a "deadly weapon" as defined by Penal Law § 10.00 (12) (*see, People v Amato*, 99 AD2d 495). For the same reason, the defendant's conviction for criminal possession of a weapon in the second degree must be dismissed (*see,* Penal Law § 265.03; *People v McInnis*, 179 AD2d 781; *People v Amato, supra*). The defendant's convictions for robbery in the first degree pursuant to Penal Law § 160.15 (4) (displays what appears to be a weapon) (*see, People v Brown*, 108 AD2d 922) and menacing are, of course, unaffected.

The trial court properly denied the defendant's motion pursuant to CPL 330.30 (2) to set aside the verdict based on juror misconduct. The defendant failed to submit sworn allegations of the existence of "all facts essential to support" the motion (CPL 330.40 [2] [a], [e] [ii]; *see, People v Hill,* 225 AD2d 902). O'Brien, J. P., Sullivan, Krausman and Florio, JJ., concur.