■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NICOLE BUONINCONTRI, Appellant. [795 NYS2d 101]—

Appeal by the defendant from a judgment of the Supreme Court, Rockland County (Resnik, J.), rendered August 15, 2003, convicting her of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Although the defendant was entitled to be present during robing room discussions with potential jurors concerning issues of possible bias or hostility (*see People v Antommarchi*, 80 NY2d 247 [1992]), her claim that she was denied this right here, supported only by the absence of a notation in the transcript as to her presence during the robing room discussions, is without merit. "Without more, failure to record a defendant's presence" at robing room discussions with prospective jurors concerning issues of possible bias or hostility "is insufficient to meet the defendant's burden of rebutting the presumption of regularity" applicable to such proceedings (*People v Velasquez*, 1 NY3d 44, 48 [2003]).

To the extent that the Supreme Court erred in admitting a handgun and ammunition into evidence which were not relevant and had no "tendency in reason to prove the existence of any material fact" (Prince, Richardson on Evidence § 4-101

[Farrell 11th ed]), such error was harmless in light of the overwhelming evidence of the defendant's guilt (*see People v Crimmins*, 36 NY2d 230, 242 [1975]; *People v Cirillo*, 267 AD2d 244, 244-245 [1999]).

The Supreme Court providently exercised its discretion in refusing to allow a defense witness to testify to a collateral matter, the defendant's dyslexia, that was not in dispute and was not relevant to a finding that the defendant committed the crime charged (*see People v King*, 204 AD2d 740 [1994]).

The Supreme Court erred in refusing to allow the defendant to testify about her knowledge of her accomplice's reputation for violence and about her knowledge of specific instances related thereto in attempting to establish a duress defense (*see* Penal Law § 40.00; *People v Lane*, 112 AD2d 247, 248 [1985]; *People v Amato*, 99 AD2d 495, 496 [1984]). However, the error was harmless in light of the overwhelming evidence of the defendant's guilt and the fact that there was ample evidence before the trier of fact to demonstrate that the defendant was frightened of her accomplice and that her accomplice at times behaved roughly and aggressively towards her (*see People v Crimmins, supra; People v Lane, supra* at 248; *People v Amato, supra* at 496).

There was no indication that the information on which the court relied in sentencing the defendant was unreliable or inaccurate so as to violate the defendant's due process rights (*see People v Hansen*, 99 NY2d 339, 345 [2003]; *People v Outley*, 80 NY2d 702, 712 [1993]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions either are unpreserved for appellate review or without merit. Florio, J.P., S. Miller, Santucci and Spolzino, JJ., concur.