■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON THOMPSON, Appellant. [825 NYS2d 26]—

Judgment, Supreme Court, Bronx County (Robert H. Straus, J.), rendered June 11, 2003, convicting defendant, after a jury trial, of manslaughter in the second degree and criminal possession of a weapon in the second degree, and sentencing him to concurrent terms of to 5 to 15 years and 12 years, respectively, unanimously affirmed.

The court properly denied defendant's request to charge the defense of duress. Defendant's testimony, when taken together with all the other evidence and viewed in the light most favorable to defendant, did not create a reasonable view of the evidence supporting such a charge. The affirmative defense of duress, upon which a defendant bears the burden of proof, includes the requirement of coercion by the use or threatened imminent use of force (Penal Law § 40.00 [1]). Even under

defendant's version of the incident, at the time he shot at the victim with a pistol supplied by the codefendant, defendant did not know that the codefendant was armed with another weapon. Therefore, defendant could have abandoned the crime at that time, and he had no reason to believe that any alleged threat by the codefendant was capable of being carried out imminently (*see People v Staffieri*, 251 AD2d 998 [1998]; *see also People v Vespa*, 165 AD2d 679 [1990], *lv denied* 76 NY2d 992 [1990]; *People v Campos*, 108 AD2d 751, 752 [1985], *lv denied* 64 NY2d 1132 [1985]). To the extent that defendant is raising a constitutional claim, such claim is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find it to be without merit.

The court also properly exercised its discretion when it refused to permit defendant to impeach a prosecution witness with an alleged prior inconsistent statement, since there was no actual inconsistency (*see People v Duncan*, 46 NY2d 74, 80 [1978], *cert denied* 442 US 910 [1979]; *People v Bornholdt*, 33 NY2d 75, 88 [1973], *cert denied sub nom. Victory v New York*, 416 US 905 [1974]). In any event, were we to find any error, we would find it to be harmless in light of the overwhelming evidence of defendant's guilt (*see People v Crimmins*, 36 NY2d 230 [1975]). Defendant's constitutional argument is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that there was no impairment of defendant's right to confront witnesses and present a defense (*see Delaware v Van Arsdall*, 475 US 673, 678-679 [1986]).

We perceive no basis for reducing the sentence. Concur— Mazzarelli, J.P., Friedman, Nardelli, Williams and Malone, JJ.