■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN VERA MORENO, Appellant. [871 NYS2d 126]—

Judgment, Supreme Court, New York County (Leslie Crocker Snyder, J.), rendered December 17, 1997, convicting defendant,

after a jury trial, of criminal possession of a controlled substance in the first degree, and sentencing him to a term of 25 years to life, unanimously affirmed.

Although defendant was in Texas during the relevant events, we reject his contention that the evidence was legally insufficient to establish that he possessed in New York the 417 kilograms of cocaine. The evidence established that the undercover agent actually possessed the cocaine in New York, i.e., that the undercover agent had "engage[d] in conduct which constitutes [the] offense" (Penal Law § 20.00) of criminal possession of a controlled substance in the first degree, and that defendant arranged for the shipment of the cocaine to the undercover agent in New York. By virtue of that conduct, the jury rationally could have concluded both that defendant had acted with the mental state necessary for the crime of criminal possession of a controlled substance in the first degree and that defendant "intentionally aid[ed] [the undercover agent] to engage in . . . conduct" (Penal Law § 20.00) constituting that offense. Thus, regardless of whether the evidence established that defendant constructively possessed the cocaine in New York, it clearly was legally sufficient to establish defendant's accessorial liability for the undercover agent's actual possession of the cocaine in New York. That the undercover agent did not and could not commit the crime is irrelevant to defendant's accessorial liability (Penal Law § 20.05 [1]; *see People v Coleman*, 104 AD2d 778 [1984], *lv denied* 64 NY2d 888 [1985]). Defendant's reliance on *People v Manini* (79 NY2d 561 [1992]) is misplaced as the undercover agent here did not obtain the cocaine from defendant in Texas on credit or otherwise purchase the cocaine from defendant.

To be sure, when charging the jury on accessorial liability, the court instructed that the People had to prove that defendant: (1) intentionally aided the undercover in the commission of the conduct constituting the crime, and (2) had the mental state of "knowingly possess[ing] the drugs in question." The latter instruction erroneously combined the requirement that a defendant charged with accessorial liability acted with the mental state necessary for the crime charged with a requirement that the People also prove the actus reus of possession. As the People did not object to this instruction, it is the "law of the case" (*People v Sala*, 95 NY2d 254, 261 n 2 [2000]). The evidence nonetheless was legally sufficient to establish defendant's accessorial liability as the jury rationally could have concluded that defendant constructively possessed the cocaine in Texas with the requisite mens rea. In determining defendant's accessorial

liability, nothing in the court's instructions prevented the jury from considering whether defendant constructively possessed the cocaine in Texas.

We also reject as meritless defendant's contention that the trial court erred in not granting his motion at the end of the People's case to dismiss the indictment on the ground that the People had failed to prove territorial jurisdiction. As the trial court noted, CPL 20.20 (1) (b) alone is sufficient to establish territorial jurisdiction. Relatedly, defendant contends that the trial court erred in not submitting the issue of territorial jurisdiction to the jury and in not instructing the jury that territorial jurisdiction had to be proven beyond a reasonable doubt. This claim is not preserved for review and we decline to review it in the interest of justice. Defendant's claim that his counsel was ineffective for failing to request such an instruction is unreviewable on direct appeal as it involves matters outside the record (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). Particularly given the provisions of CPL 20.60 (2), counsel may have had strategic reasons for not wanting the issue of territorial jurisdiction to be submitted to the jury. After all, had the jury been instructed in accordance with CPL 20.60 (2), it would have been charged that defendant was deemed to have personally delivered the cocaine in New York if he caused it to be transferred to New York from Texas. Such an instruction could have undermined the defense argument that defendant did not possess the cocaine.*

The court properly determined, as a matter of law, that the defense of duress (Penal Law § 40.00) was not available in this case. Defendant's duress claim, which he presented by way of his own trial testimony and an offer of proof, was based on alleged threats from drug dealers that occurred long before the crime. Defendant did not show that the threat of harm was imminent, nor did he promptly seek the assistance of law enforcement authorities (*see United States v Bailey*, 444 US 394, 410 [1980]; *People v Staffieri*, 251 AD2d 998 [1998]). Accordingly, the court properly precluded defendant from calling witnesses to support a duress defense and instructed the jury that it had made a legal determination that this defense did not apply. Defendant's constitutional claims regarding this issue are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits.

---

* We need not address the issue of whether the provisions of CPL 20.60 operate to expand the definition of possession in the Penal Law (Penal Law § 10.00 [8]).

Defendant's claim that he is entitled to summary reversal, or a remand for reconstruction proceedings, based on the court reporters' failure or inability to transcribe the minutes of a series of calendar calls is procedurally defective because, during the 10 years that elapsed between his taking and perfection of this appeal, defendant never sought any intervention by this Court in obtaining these minutes. In any event, defendant has not shown any reason to believe that events of any legal significance occurred during any of these calendar calls. We note that defendant's request for minutes included many dates on which this case was not even on the calendar.

We have reviewed defendant's remaining contentions and find them without merit.

Motion seeking leave to file a reply brief and supplemental appendix granted to the extent of accepting point three of reply brief and otherwise denied.

Concur—Friedman, J.P., Sweeny, McGuire, Renwick and Freedman, JJ.