■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER MORRISON, Appellant. [19 NYS3d 436]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Guzman, J.), rendered April 18, 2012, as

amended May 1, 2012, convicting him of criminal sale of marijuana in the first degree (two counts), criminal sale of marijuana in the second degree (two counts), criminal possession of marijuana in the second degree, conspiracy in the fourth degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court properly denied the defendant's request for a jury instruction on the affirmative defense of duress (*see* Penal Law § 40.00 [1]). In order for a defendant to be entitled to a jury instruction concerning the affirmative defense of duress, the evidence, viewed most favorably to the defendant, must establish, by a preponderance of the evidence, that "the defendant engaged in the proscribed conduct because he was coerced to do so by the use or threatened imminent use of unlawful physical force upon him . . . which force or threatened force a person of reasonable firmness in his situation would have been unable to resist" (Penal Law § 40.00 [1]; *see* Penal Law § 25.00 [2]; *see also People v Staffieri*, 251 AD2d 998 [1998]; *People v Tayeh*, 96 AD2d 1045, 1047 [1983]). "A defense of duress may not be used when the force or threat used is incapable of immediate realization" (*People v Amato*, 99 AD2d 495, 496 [1984]; *see People v Tenace*, 97 AD2d 592 [1983]; *People v Brown*, 68 AD2d 503 [1979]). Thus, the affirmative defense cannot be used when the defendant had the opportunity to abandon the criminal activity and escape the alleged acts of duress (*see People v Lane*, 112 AD2d 247 [1985]). Here, the defendant failed to present any evidence of an immediate threat. Instead, his affirmative defense of duress relied on unspecific threats of violence at a future time (*see People v Moreno*, 58 AD3d 516, 518 [2009]; *People v Rodriguez*, 145 AD2d 580 [1988]). Dillon, J.P., Chambers, Austin and Sgroi, JJ., concur.