■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT WHITFIELD, Appellant. [60 NYS3d 673]—

Judgment, Supreme Court, New York County (Bonnie G. Wittner, J.), rendered September 17, 2013, convicting defendant, after a jury trial, of conspiracy in the second and fourth degrees, criminal possession of a controlled substance in the first degree, bribe receiving in the first and second degrees, and official misconduct, and sentencing him to concurrent terms of 3 to 9 years, 1⅓ to 4 years, 8 years, 3 to 9 years, 2 to 6 years, and 1 year, respectively, unanimously affirmed.

Defendant did not preserve by specific objections his current claims regarding the legal sufficiency of the evidence supporting his controlled substance conviction, and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits. We also find that the verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). The evidence showed that defendant, then a correction officer at Rikers Island, agreed with an inmate to procure that inmate's release in exchange for three kilograms of cocaine, that defendant coordinated the exchange with the inmate and his "cousin" (actually an undercover officer), passed on to the "cousin" the number to reach a codefendant, who would pick up the drugs, and ultimately did so while defendant remained in the vicinity of the exchange. The evidence thus sufficiently established that defendant exercised dominion and control over the codefendant for purposes of acquiring the drugs, and that defendant therefore had constructive possession of the drugs, even if he did not know the precise moment when the undercover officer handed the codefendant the drugs (*see People v Carvajal*, 6 NY3d 305, 314 [2005]; *People v Fuente*, 79 NY2d 561, 574-575 [1992]). Moreover, the evidence sufficed to establish defendant's liability for the codefendant's possession of cocaine under an acting in concert theory (*see* Penal Law § 20.00; *People v King*, 61 AD3d 560 [1st Dept 2009], *lv denied* 13 NY3d 746

[2009]; *People v Moreno*, 58 AD3d 516 [1st Dept 2009], *lv denied* 12 NY3d 819 [2009]).

The court appropriately responded to a note from the deliberating jury asking whether the evidence must show that the defendant was "aware the drugs were transferred." The court noted the previously discussed principles, quoted correctly from this Court's opinion in *Carvajal* (14 AD3d 165, 170 [1st Dept 2004], *affd* 6 NY3d 305 [2005]), and meaningfully responded to the jury's note (*see People v Almodovar*, 62 NY2d 126, 131 [1984]). Moreover, the main charge and other supplemental instructions on the same issue fully conveyed the correct legal principles (*see People v Simmons*, 15 NY3d 728, 729 [2010]).

Evidence of defendant's unsuccessful efforts to make the same deal with three inmates other than those who testified should have been excluded because this evidence was not, under the facts of the case, inextricably interwoven with the charged crimes, and it had little probative value. However, any potential for prejudice was minimized by the court's limiting instructions, and any error was harmless given the overwhelming evidence of defendant's guilt (*see People v Crimmins*, 36 NY2d 230 [1975]).

The other trial rulings challenged by defendant on appeal were provident exercises of discretion. To the extent that defendant is raising constitutional claims regarding those rulings, those claims are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits. Concur—Tom, J.P., Mazzarelli, Andrias, Oing and Singh, JJ.