People v Budhu (2019 NY Slip Op 05338)





People v Budhu


2019 NY Slip Op 05338


Decided on July 2, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 2, 2019

Richter, J.P., Tom, Gesmer, Kern, Moulton, JJ.


9799 2138/15

[*1]The People of the State of New York, Respondent,
v
Kamesh Budhu, Defendant-Appellant.


Law Offices of Randall D. Unger, Bayside (Randall D. Unger of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Deborah L. Morse of counsel), for respondent.



Judgment, Supreme Court, New York County (Gilbert C. Hong, J.), rendered October 23, 2017, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the first and second degrees and three counts of criminal sale of a controlled substance in the third degree, and sentencing him to an aggregate term of 10 years, unanimously affirmed.
Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they generally involve matters not reflected in, or fully explained by, the record, regarding counsel's strategic choices (see People v Rivera, 71 NY2d 705, 709 [1988]). Therefore, because defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). Defendant has not shown that any of counsel's alleged deficiencies fell below an objective standard of reasonableness, or that, viewed individually or collectively, they deprived defendant of a fair trial or affected the outcome of the case.
The court properly declined to instruct the jury on the affirmative defense of duress (Penal Law § 40.00[1]), because it was not supported by a reasonable view of the evidence. Defendant was not entitled to a duress charge based on threats allegedly made by an undercover police officer days or weeks before defendant repeatedly made sales of cocaine, because defendant "did not show that the threat of harm was imminent, nor did he promptly seek the assistance of law enforcement authorities" (People v Moreno, 58 AD3d 516, 518 [1st Dept 2009], lv denied 12 NY3d 819 [2009]). Even viewed most favorably to defendant, the evidence indicated, at most, a continuing or long-term threat of harm, rather than an imminent threat. To the extent that defendant is raising a constitutional claim, that claim is unpreserved and we decline to review it in the interest of justice (see People v Thompson, 34 AD3d 325, 326 [1st Dept 2006], lv denied 8 NY3d 885 [2007]). As an alternative holding, we reject it on the merits.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 2, 2019
CLERK