People v Folk (2020 NY Slip Op 00429)





People v Folk


2020 NY Slip Op 00429


Decided on January 22, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
LINDA CHRISTOPHER, JJ.


2014-05886
 (Ind. No. 9897/12)

[*1]The People of the State of New York, respondent,
v
Calvin Folk, appellant.


Paul Skip Laisure, New York, NY (Jenin Younes of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Thomas M. Ross, and Sullivan & Cromwell LLP [Stephen C. Childs], of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Danny K. Chun, J.), rendered May 29, 2014, convicting him of robbery in the first degree, kidnapping in the second degree, and burglary in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the count of kidnapping in the second degree merged with the counts of robbery in the first degree and burglary in the second degree is unpreserved for appellate review (see People v Hanley, 20 NY3d 601, 603). In any event, this contention is without merit (see People v Gonzalez, 80 NY2d 146, 153; People v Riley, 70 NY2d 523, 532; People v Toussaint, 306 AD2d 85; People v Tillman, 69 AD2d 975, 976).
We agree with the Supreme Court's determination denying the defendant's request for a jury instruction on the affirmative defense of duress (see Penal Law § 40.00[1]). Viewing the evidence in the light most favorable to the defendant, no reasonable view of the evidence supported charging the jury with this affirmative defense (see People v Jackson, 172 AD3d 748, 749; People v Fraser, 134 AD3d 734, 735). "A defense of duress may not be used when the force or threat used is incapable of immediate realization" (People v Amato, 99 AD2d 495, 496). Here, the defendant failed to present any evidence of an immediate threat, and his affirmative defense of duress relied on unspecific fears of future violence (see People v Morrison, 133 AD3d 892, 893).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention is without merit.
CHAMBERS, J.P., ROMAN, COHEN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court