■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GORDON D. LAVRICK, Appellant.—Appeal by the defendant, by permission, from an order of the County Court, Suffolk County (Seidell, J.), dated June 9, 1986, which denied his motion pursuant to CPL article 440 to vacate a judgment of the same court (Stark, J.), rendered October 18, 1968, convicting him of endangering the life or health of a child and carnal abuse of a child, upon a jury verdict, and imposing sentence.

Ordered that the order is affirmed.

In 1968 the defendant was convicted by a jury of sexually molesting a 10-year-old boy. Although the defendant testified at trial that he was not the person who had committed the offense, he acknowledged during a presentence interview with a probation officer that "he occasionally gets 'unusual desires' and this is what happened in the instant offense". He blamed these desires and abnormalities on his alcoholic mother. Eigh-teen years later, the defendant moved pursuant to CPL 440.10 (1) (g) to vacate the judgment of conviction on the ground of newly discovered evidence, consisting primarily of an affidavit procured from the victim recanting that portion of his prior testimony identifying the defendant as the perpetrator.

The defendant's motion was properly denied. There are six requirements which must be met in order to establish that evidence is newly discovered within the meaning of CPL 440.10 (1) (g): " '1. It must be such as will probably change the result if a new trial is granted; 2. It must have been discov-ered since the trial; 3. It must be such as could have not been discovered before the trial by the exercise of due diligence; 4. It must be material to the issue; 5. It must not be cumulative to the former issue; and, 6. It must not be merely impeaching

or contradicting the former evidence' " *(People v Salemi,* 309 NY 208, 216, quoting *People v Priori,* 164 NY 459, 472).

In view of the strong and persuasive evidence of guilt presented at the defendant's trial, we do not believe that the victim's partial recantation, which, in any event, merely impeaches his prior testimony, would change the result were a new trial to be granted. Mollen, P. J., Bracken, Sullivan and Harwood, JJ., concur.