■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL TOAL, Appellant. [603 NYS2d 770] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Mallon, J.), rendered November 27, 1990, convicting him of murder in the second degree and burglary in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The evidence establishes that the defendant and an accomplice (see, People v Lydon, 197 AD2d 640 [decided herewith]) murdered the victim as she slept, and that this murder occurred during the course of a burglary of the victim's home. The defendant argues that he was not personally present during the County Court's in camera interviews with certain prospective jurors, and that a new trial is warranted for this reason. We disagree.

The defendant's argument is based on the interrelated rules of law announced by the Court of Appeals in People v Antommarchi (80 NY2d 247) and People v Sloan (79 NY2d 386). Both of these cases decided after the defendant's trial had

been completed, and neither the *Antommarchi* rule nor the *Sloan* rule is retroactive *(see, People v Mitchell,* 80 NY2d 519; *People v Hannigan,* 193 AD2d 8; *see also, People v Cohen,* 158 Misc 2d 262).

We have examined the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Lawrence and Eiber, JJ., concur.

O'Brien, J., concurs with the following memorandum: For the reasons stated in my concurring opinion in *People v Hannigan* (193 AD2d 8), I would not reach the defendant's contention that the prescreening of the jurors violated the rule in *People v Sloan* (79 NY2d 386). I agree with my colleagues that the remaining issues raised by the defendant are without merit and that the judgment should be affirmed.