■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNEST DOCKERY, Appellant. [612 NYS2d 608] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Douglass, J.), rendered September 16, 1991, convicting him of assault in the first degree (two counts), robbery in the first degree (two counts), and robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that a new trial is warranted because he was not personally present during the trial court's sidebar interview with a prospective juror is without merit. This argument is based on the rule of law announced by the Court of Appeals in *People v Antommarchi* (80 NY2d 247). Since this case was decided after the defendant's trial had been completed, the *Antommarchi* rule, which is not retroactive, does not apply *(see, People v Toal,* 197 AD2d 650; *People v Mitchell,* 80 NY2d 519; *People v Hannigan,* 193 AD2d 8).

We further find that the trial court properly disqualified for cause a prospective juror whose brother was being prosecuted by the Kings County District Attorney's office in the same court and at the same time as the defendant's trial. On the day she was questioned, the juror indicated that she couldn't be present for her brother's case because of the instant case. Under these circumstances, we find that the trial court properly determined that the juror fell within the scope of CPL 270.20 (1) (c) in such a manner as would likely preclude her from rendering an impartial verdict *(see, People v Sellers,* 73 AD2d 697; *People v Purcell,* 103 AD2d 938; *People v Provenzano,* 50 NY2d 420, 424; *People v Branch,* 46 NY2d 645, 649).

Viewing the evidence, in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]). Balletta, J. P., Miller, Hart and Krausman, JJ., concur.