■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEX HARRIS, Appellant. [662 NYS2d 257] —Judgment, Supreme Court, New York County (Frederic Berman, J.), rendered April 16, 1992, convicting defendant, after a jury trial, of robbery in the first degree, burglary in the first degree, and attempted robbery in the first degree and, upon his pleas of guilty, of robbery in the first degree, burglary in the first degree, and attempted burglary in the second degree, and sentencing him, as a violent felony offender, to four concurrent terms of 12½ to 25 years to be served concurrently with a term of 7½ to 15 years and consecutively to a term of 2½ to 5 years, unanimously affirmed.

On the existing record, which defendant has not sought to amplify by means of a motion pursuant to CPL article 440 (*see, People v Rivera*, 71 NY2d 705, 709), we conclude that defendant received effective assistance of counsel (*People v Baldi*, 54 NY2d 137). The record does not establish that defendant would have prevailed on the suppression theory he now claims should have been advanced by counsel, and the record likewise fails to negate strategic explanations for counsel's conduct of the hearing, *inter alia*, that success in suppression might well have undermined the severance won by counsel (*People v Leteiza*, 241 AD2d 306).

The court's detailed identification charge was more than adequate to address the identification issue as developed at trial, and the court was under no obligation to use the specific

language requested by defendant (*People v Aponte*, 166 AD2d 344, *lv denied* 77 NY2d 957). Concur—Rosenberger, J. P., Wallach, Rubin, Tom and Colabella, JJ.