■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER A. CASSELS, JR., Appellant. [687 NYS2d 681] —Appeal by the defendant (1) from a judgment of the County Court, Dutchess County (Dolan, J.), rendered September 20, 1996, convicting him of sodomy in the first degree, rape in the first degree, sexual abuse in the first degree (two counts), and endangering the welfare of a child (three counts), upon a jury verdict, and imposing sentence, and (2), by permission, from an order of the same court, dated April 30, 1998, which denied, without a hearing, his motion pursuant to CPL article 440 to vacate the judgment. The appeals bring up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements he made in Family Court.

Ordered that the judgment and the order are affirmed.

The credible evidence adduced at the *Huntley* hearing indicates that the defendant's admission in Family Court to the rape and sodomy of his stepdaughter was knowing and voluntary (*see,* CPL 60.45; *People v Spivack,* 111 AD2d 884).

Further, the County Court correctly denied the defendant's motion to vacate the judgment pursuant to CPL 440.10. Since the child's recantation merely impeached or contradicted the defendant's testimony and her former testimony, it failed to constitute "newly discovered" evidence within the meaning of CPL 440.10 (1) (g) (*see, People v Lavrick,* 146 AD2d 648, *cert denied* 493 US 1029; *see also, People v Turner,* 215 AD2d 703). In addition, the County Court did not improvidently exercise its discretion in failing to grant an evidentiary hearing pursuant to CPL 440.30 based on the child's recantation. The written submissions of the People and the defendant, including the detailed affidavit of the child, wherein she claimed she perjured herself, coupled with the trial record, provided a sufficient basis from which the County Court could decide the motion without a hearing (*see, People v Satterfield,* 66 NY2d 796; *People v Crimmins,* 38 NY2d 407).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. S. Miller, J. P., Santucci, Friedmann and Florio, JJ., concur.