512

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL TOAL, Appellant. [686 NYS2d 726] —Appeal by the defendant, by permission, from an order of the County Court, Suffolk County (Weber, J.), dated August 22, 1996, which denied, without a hearing, his motion to vacate a judgment of conviction rendered November 27, 1990, which was affirmed by decision and order of this Court dated October 18, 1993 (*see, People v Toal,* 197 AD2d 650).

Ordered that the order is affirmed.

CPL 440.30 (4) (d) states that a court may deny a defendant's motion to vacate a judgment without a hearing if "[a]n allegation of fact essential to support the motion (i) is contradicted by a court record or other official document, or is made solely by the defendant and is unsupported by any other affidavit or evidence, and (ii) under these and all the other circumstances attending the case, there is no reasonable possibility that such allegation is true". The court may also summarily deny such a motion if "the moving papers do not contain sworn allegations substantiating or tending to substantiate all the essential facts" (CPL 440.30 [4] [b]).

Here, the defendant's contention that a plea offer which he speculates was made to his counsel in chambers was never communicated to him is not substantiated by any evidence, sworn or otherwise. Indeed, the defendant's conjecture is contradicted by counsel's repeated emphatic assertions during sentencing that the defendant had never been offered a plea bargain, an assertion which was not contradicted by the trial court, and which was corroborated by an Assistant District Attorney, who declared during sentencing that while there had been "some discussion" in chambers it had apparently never matured into a plea offer. In this case which involved an extremely brutal and senseless murder the People had overwhelming evidence to present at trial against both the defendant and his codefendant. Accordingly, there is no reasonable possibility that the Suffolk County District Attorney's Office would have offered a plea bargain to this defendant (*see, e.g., People v Brown,* 56 NY2d 242; *People v Pachay,* 185 AD2d 287). Santucci, J. P., Sullivan, Florio and McGinity, JJ., concur.