■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HASSAN FIELDS, Appellant. [731 NYS2d 492] —Appeals by the defendant (1) from a judgment of the County Court, Orange County (Berry, J.), rendered December 9, 1997, convicting him of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, attempted assault in the first degree, attempted assault in the second degree, and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence, and (2), by permission, from an order of the same court, dated December 14, 1999, which denied, without a hearing, his motion pursuant to CPL 440.10 to vacate the judgment.

Ordered that the judgment and the order are affirmed.

At trial, there was testimony that on April 30, 1997, the defendant, his codefendants Allan Marshall and Kevin Grant, and an individual named Germaine Williams tracked down two men the defendant had altercations with earlier that day. Upon locating the two men on a residential street, the defendant, Marshall, Grant, and Williams exited a vehicle and fired handguns at them.

The defendant contends that he was denied the effective assistance of counsel at both the trial and the sentencing, in that the defense counsel failed to move to suppress physical evidence seized from the apartment of the defendant's girlfriend pursuant to a search warrant, and failed to request that the court consider youthful offender treatment for him. However, the failure of the defense counsel to make a pre-trial motion to suppress, in and of itself, does not constitute ineffective assistance of counsel (see, *People v Rivera,* 71 NY2d 705, 709; *People v Donovan,* 184 AD2d 654, 655). Under these circumstances, the defense counsel's failure to so move cannot be deemed to be ineffective assistance of counsel (see, *People v Cabo,* 228 AD2d 689; *People v Harris,* 242 AD2d 470; *People v Sullivan,* 153 AD2d 223).

The defendant's contention that his counsel was ineffective because he failed to seek youthful offender treatment is also without merit. Since the jury convicted the defendant of two armed felonies, he was not an "eligible youth" unless the sentencing court found "mitigating circumstances that bear directly upon the manner in which the crime was committed," or else found that the defendant's participation in the incident was "relatively minor" (CPL 720.10 [3] [i], [ii]). There were no mitigating circumstances, and the defendant's participation in the incident was not relatively minor.

The defendant also contends that the court erred in admitting letters allegedly written by him and addressed to Marshall at the Orange County Jail as evidence of his guilt. CPLR 4536 authorizes the "[c]omparison of a disputed writing with any writing proved to the satisfaction of the court to be the handwriting of the person claimed to have made the disputed writing." Once a court determines the genuineness of a handwriting specimen, an expert or a jury may compare a disputed writing to the known specimen, even in the absence of an expert opinion (*see, People v Molineux,* 168 NY 264, 330; *People v Hunter,* 34 NY2d 432, 435-436). The prosecution's handwriting expert testified on direct examination that the defendant probably wrote the letters, since the letters exhibited similar characteristics which evidenced a probable common authorship based upon his comparison with handwriting samples submitted by the defendant.

Contrary to the defendant's contention, the court did not err in admitting the disputed letters as evidence of his guilt, since the People established a sufficient evidentiary foundation for their admission (*see,* CPLR 4536; CPL 60.10; *People v Molineux, supra*; *People v Hunter, supra*).

The defendant further contends that the court erred in summarily denying his CPL 440.10 motion to vacate his conviction, arguing that Marshall's affidavit raised an issue of fact which required an evidentiary hearing. However, after reviewing the motion papers, the People's response, and the submitted documentary evidence, the court determined that Marshall's affidavit was nothing more than an unreliable recantation. Under the facts and circumstances of this case, the summary denial of the defendant's motion without a hearing was a provident exercise of discretion (*see,* CPL 440.30 [4] [d]; *People v Cassels,* 260 AD2d 392; *People v Toal,* 260 AD2d 512; *People v Rodriguez,* 201 AD2d 683).

The defendant's remaining contentions are without merit. Altman, J. P., Florio, Schmidt and Cozier, JJ., concur.