■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIKHAIL KHALAPOV, Appellant. [18 NYS3d 549]—Appeal by the defendant, by permission, from an order of the Supreme Court, Kings County (Simpson, J.), dated March 27, 2012, which denied, without a hearing, his motion pursuant to CPL 440.10 to vacate a judgment of the same court rendered November 19,

2001, convicting him of attempted possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the order is affirmed.

The defendant pleaded guilty to attempted possession of a controlled substance in the third degree. Thereafter, the defendant moved to vacate his conviction pursuant to CPL 440.10 on the ground that he was deprived of his right to the effective assistance of counsel. The defendant submitted an affidavit in support of his motion in which he asserted that his attorney incorrectly advised him that his plea would have no effect on his immigration status. The Supreme Court denied the defendant's motion without a hearing. By decision and order on motion dated February 7, 2013, this Court granted the defendant's application for a certificate granting leave to appeal from the order.

Upon considering the merits of a motion made pursuant to CPL 440.10, a court "may deny it without conducting a hearing if . . . [a]n allegation of fact essential to support the motion . . . is made solely by the defendant and is unsupported by any other affidavit or evidence, and . . . under these and all the other circumstances attending the case, there is no reasonable possibility that such allegation is true" (CPL 440.30 [4] [d]; *see People v Toal*, 260 AD2d 512 [1999]). Here, the factual allegations made by the defendant in his affidavit were not supported by any other affidavit or evidence. Since, under all the circumstances attending the case, there is no reasonable possibility that such allegations are true, the Supreme Court did not improvidently exercise its discretion in denying the defendant's motion without a hearing (*see* CPL 440.30 [4] [d]; *People v Soodoo*, 109 AD3d 1014, 1016 [2013]; *People v Smiley*, 67 AD3d 713, 714 [2009]). Dillon, J.P., Miller, Maltese and LaSalle, JJ., concur.